## PAGE *v.* PRENTICE and Another.

A plea which confesses the cause of action, and avoids it by some new matter, does not amount to the general issue.

In debt on a promissory note, accord and satisfaction, and payment, may be pleaded specially, or may be given in evidence under the general issue.

ERROR to the *Jefferson* Circuit Court.

SULLIVAN, J.—Debt on a promissory note by defendants in error, as the assignees of one *Stivers*, against *Page.* The defendant below pleaded, 1. That after the making of the said promissory note, and before the same fell due, and before the assignment thereof to the plaintiffs, to wit, on the 19th of *October*, 1839, the defendant, at the special instance and request of said *Stivers*, made his certain promissory note for the sum of 2,190 dollars and 66 cents, parcel of the debt sued for, payable one year after date to the order of said *Stivers*, for value received; and that he the defendant, on the same day, also drew a bill of exchange directed to one *S. K. Page* of *Louisville, Ky.*, for the further sum of 2,309 dollars and 36 cents, being the residue of the debt sued for, payable to said *Stivers* or order, and then and there delivered the said note and the said bill of exchange to the said *Stivers*, and the same were received by him in full satisfaction and discharge of the note declared on; that the bill of exchange was accepted by the said *S. K. Page*, and paid according to its tenor, and that the promissory note for the sum of 2,190 dollars and 66 cents, given by the defendant to *Stivers* as aforesaid, was forthwith assigned by said *Stivers* to *G.* and *L.* of *Louisville* for value, of which the defendant was duly notified, and by means whereof he became and is liable to pay to *G.* and *L.*, or their order, the amount thereof, &c. 2. That the assignment of the note to the plaintiffs was obtained by

fraud. 3. *Nil debet.* 4. Payment to *Stivers* before the note was indorsed to the plaintiffs. There were special demurrers to the first and fourth pleas, which were sustained by the Court. Issues were taken on the second and third pleas. Verdict and judgment for the plaintiffs. The causes of demurrer were, 1st, That the facts stated in the pleas might be given in evidence under the general issue ; and, 2dly, That the pleas respectively amounted to the general issue.

It is no objection to a plea, which is well pleaded in other respects, that the matter of it may be given in evidence under the general issue. The right to plead as many pleas as a defendant may deem necessary for his defence, is secured to him by statute. In so pleading, however, it is not his privilege to encumber the record with tautologous allegations, nor with pleas which, while they pretend to be special, amount only to a denial of the plaintiff's allegation.

We do not think that the pleas demurred to in this case, are liable to either of the objections above mentioned. They are not a repetition of matter elsewhere spread upon the record ; nor do they amount to the general issue. Both of the pleas *confess* the plaintiffs' cause of action as stated in the declaration, but *avoid* it by new matter. A plea amounting to the general issue is a plea alleging matter which is, in effect, a denial of the whole, or the principal part of the allegations in the declaration. The remarks of Lord *Denman* in the case of *Hayselden* v. *Staff*, 5 Adol. & Ellis, 153, are peculiarly appropriate to this case : " There is a great distinction," says his lordship, " between the case of a plea which amounts to the general issue, and a plea that discloses matter which may be given in evidence under the general issue." Under the latter, various things may be given in evidence which may also be proved under the general issue ; " but it is incorrect language to say that these things amount to the general issue ; they only defeat the contract : but what, in correct language, may be said to amount to the general issue is, that for some reason specially stated, the contract does not exist in the form in which it is alleged, and, where that is the case, it is an argumentative denial of the contract, instead of being a direct denial ; and which, according to the correct rule of pleading, is not allowed."

Nov. Term,
1844.

Accord and satisfaction, and payment, are matters which, in this action, may be pleaded specially, for they admit the truth of the declaration, although each of the defences would, in evidence, maintain the general issue. Gould's Pl. 356.

On account of the error of the Court in sustaining the demurrers to the pleas, and especially as it does not appear that the merits of the case were tried, we are of opinion that the judgment of the Circuit Court should be reversed.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*S. C. Stevens*, for the plaintiff.

*C. Cushing*, for the defendants.