Nov. Term,
1845.

JACKSON
v.
YANDES.

*C. P. Hester,* for the plaintiff.

*J. S. Watts,* for the defendant.

---

## JACKSON and Others *v.* YANDES and Others.

A guarantee directed to Messrs. *Y.* and *B.* may be sued on by *W. B., D. Y.,* and *J. W. Y.;* the declaration averring the promise to have been made to the plaintiffs by the name of Messrs. *Y.* and *B.*

In the case of a conclusive guarantee—not a mere overture to guaranty,— notice of its acceptance is not necessary.

In a suit on a guarantee, whether the notice to the defendant of the principal debtor's non-payment was reasonable or not, is a question for the jury.

Where the general issue is pleaded, any other pleas merely amounting to the general issue may be rejected on motion.

Tuesday,
December 2.

ERROR to the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *William Barbee, Daniel Yandes,* and *James W. Yandes,*

against *Magnus Jackson* and others. The declaration contains three counts.

Nov. Term, 1845.

JACKSON
v.
YANDES.

The first count states that the defendants, on the 25th of *January*, 1843, at, &c., in consideration, &c., promised the plaintiffs, by the name of Messrs. *Yandes* and *Barbee*, to be responsible for certain printing paper which one *N. Jackson* might get from them, in case he, *N. Jackson*, should fail to pay for the same; that the promise was to be construed as a continuing letter of credit, and binding. on the defendants, until countermanded; that thereupon the plaintiffs sold and delivered to said *N. Jackson*, since deceased, on the day and year aforesaid, certain paper as aforesaid, of the value, &c.; that *N. Jackson* did not in his lifetime pay for said paper, nor had his administrator since paid for the same, though often requested; of all which premises the defendants, on the day and year last aforesaid, had notice; that the defendants had not paid, &c.

The second count is similar to the first, except that it sets out the letter of credit *in hæc verba;* which is as follows: "*Lafayette, January* 25, 1843. Messrs. *Yandes* and *Barbee*, Gent. Our friend, Dr. *N. Jackson*, is about to engage in the publication of a newspaper in this place, and is desirous of procuring paper from you for that purpose. To enable him to publish such paper, we bind ourselves to you to be responsible for all paper he may get from you, in case he fails to pay for the same. This is to be construed as a continuing letter of credit and binding on us until countermanded."

The third count is similar to the second, except that instead of an averment of notice of the premises to the defendants, it alleges, as an excuse for the want of such notice, the insolvency of *N. Jackson*.

Pleas, 1. Non assumpsit; 2. To the first count, payment of part by *N. Jackson*, and non assumpsit as to the residue; 3. Payment by *N. Jackson*. Replications in denial of the payments alleged in the second and third pleas.

The following are the principal facts: *N. Jackson* applied to the agent of the plaintiffs, at their paper-mill, to purchase paper on credit, which application was refused. He said he could procure the defendants to be his sureties, and was informed that they would do. Soon afterwards, he handed the

above described guarantee to said agent, on the faith of which, printing paper was delivered at various times by said agent. On the 31st of *July*, 1843, *James W. Yandes* left the firm of *Barbee, Yandes*, and Co., by which name the plaintiffs did business, and two other persons came in his place. *Jackson* died, and soon afterwards, viz., about the 1st of *February*, 1844, the plaintiffs made a demand of payment of their account on his administrator, and gave notice of the non-payment to the defendants. It was understood generally that *N. Jackson*, from the date of the guarantee till his death, was insolvent; that is, that nothing could be collected from him on execution, although he was, during said time, possessed of considerable personal property.

Verdict for the plaintiffs for 189 dollars and 47 cents; motion for a new trial overruled; and judgment on the verdict.

One objection made to this judgment is, that the guarantee is not directed to the plaintiffs, but to Messrs. *Yandes* and *Barbee*. The counts allege that the promise was made to the plaintiffs by the name of Messrs. *Yandes* and *Barbee;* and that allegation was sustained by proof that the guarantee was delivered to the plaintiffs, and that, in compliance with it, they furnished the paper.

It is also objected to the judgment, that no notice of the acceptance of the guarantee was given to the defendants. As this is a conclusive guarantee, and not a mere overture to guaranty, no notice of its acceptance was necessary. *M'Iver* v. *Richardson*, 1 M. & S. 557.— *Whitney* v. *Groot*, 24 Wend. 82. We are aware that there is authority to the contrary, but we consider the law to be as we have stated.

The defendants also contend, that reasonable notice was not given to them of the non-payment by *N. Jackson*. It was proved that the defendants had notice of the non-payment; and it is decided that whether the notice in such case was reasonable or not is a mere question of fact for the jury. *Lawrence* v. *M'Calmont et al.* 2 Howard, 426.

There were several pleas correctly rejected on the plaintiffs' motion: they amounted only to the general issue, which was pleaded.

The Court gave some erroneous instructions to the jury, but they do not affect the merits of the case.

The plaintiffs were entitled to a verdict for the balance of their account as it stood on the 31st of *July*, 1843, when a change of partners took place. That balance is 134 dollars and thirty-four cents.

The judgment is for too much, but if the overplus be remitted the judgment can be affirmed; otherwise it must be reversed.

*Per Curiam.*—A *remittitur* having been entered, &c., the judgment is affirmed.

*A. Ingram* and *R. Jones*, for the plaintiffs.

*R. C. Gregory*, for the defendants.