## WILLIAMS v. PORT.

Argumentativeness is no cause of demurrer; but a motion to strike out a paragraph of an answer containing an argumentative denial, as amounting to the general denial, may be sustained.

The case between the same parties, 6 Ind. R. 219, followed.

APPEAL from the *Fayette* Circuit Court.

PERKINS, J.—This is the third appearance of this cause in the Supreme Court. *Port* v. *Williams*, 6 Ind. R. 219.— *Williams* v. *Port*, 9 *id.* 551.

The action is by *Williams* against *Port*, to recover damages from the latter for representing, in the sale of his farm to *Williams*, that it contained four hundred acres, or

thereabouts, of land under cultivation, when, in fact, it contained but three hundred and ten acres.

The defendant answered by a general denial of the complaint, and by special paragraphs setting out a state of facts which, if true, would show the complaint to be false; as that the plaintiff, *Williams*, at the time of the contract, examined the farm, estimated for himself, in company with *Port*, and upon *data* furnished by *Port*, the quantity of cultivated land, made it about three hundred acres, and purchased upon his own estimate, &c.; facts constituting an argumentative denial of the complaint.

To these paragraphs there was a demurrer overruled. This was right. Argumentativeness is not a cause of demurrer; and as the paragraphs contained facts amounting to a denial of the truth of the complaint—facts amounting to a good bar to the action, though they were facts which might and should have been proved under the general denial—the Court did right in overruling the demurrer; when, had a motion to strike out the paragraphs, as amounting to the general denial, been made, it might have been sustained.

The Court gave the cause to the jury, upon the trial, under clear and correct instructions; indeed, the counsel for the appellant does not attempt to point out a single error in them, and they covered all the ground upon which the cause rested. The jury found, under them, for the defendant. But were the instructions wrong, we have already decided that the plaintiff could not recover upon the evidence. *Port* v. *Williams*, 6 Ind. *supra*. There is no material difference between the facts then and now.

*Per Curiam.*—The judgment is affirmed with costs.

*N. Trusler*, for the appellant.

*B. F. Claypool* and *J. S. Reid*, for the appellee.