# IN GENERAL TERM, 1873.

JASON H. GREENSTREET, Appellant, v. JOHN C. NORRIS.

CONTRACT—*specific performance*—
PRACTICE—
PLEADING.

Defendant·filed a general denial, also a special answer, denying compliance of plaintiff with contract, and failure to pay, or tender the sum stipulated, and to execute notes for the balance of purchase money, within a reasonable time, or at any time; that before said suit, said property increased in value, and for that, and other reasons set forth, defendant rescinded, and set aside said alleged contract. Demurrer to this answer overruled, and judgment for defendant. Plaintiff appealed.

*Held :* That this paragraph amounts at least to the general denial, and if a special paragraph of answer amounting to the general denial is good on general demurrer—which under our code all demurrers are—then the Court committed no error in overruling the demurrer.

Under the code if a special plea, amounting to the general issue, be pleaded with the general issue, objection should be taken to it by motion, not by demurrer.

*James Buchanan,* for appellant.
*Taylor, Rand & Taylor,* for appellee.

PERKINS, J.—Complaint for specific performance. Judgment for defendant at Special Term.

The case on appeal is this :

On the 9th day of April, 1872, John H. Greenstreet, the plaintiff, addressed a letter to John C. Norris, the defendant, then at Cincinnati, Ohio, containing a proposition to purchase a lot of his on Delaware street, Indianapolis.

To this letter, Norris replied on the following day, April 10, as follows :

"I received your letter wanting to know at what price, and on what terms, I would sell you my lot on Delaware street, in Indianapolis, and stating on what terms you would like to buy it. I will sell it to you at sixty dollars ($60) per foot, and give the terms you ask in your letter, and you can go to work as soon as you please. I will be up myself when Mrs. Suitor comes up. My daughter, Mrs. Thompson, died yesterday morning, and she (Mrs. Suitor) will not come up until everything is settled.

Yours, &c.,

JOHN C. NORRIS."

The reply to this letter follows :

"INDIANAPOLIS, April 12, 1872.

*John C. Norris, Cincinnati :*

Your favor of the 10th inst., received and noted. Your offer to sell me your Delaware street lot at sixty dollars per front foot, five hundred dollars cash, balance on one, two, three and four years time, with six per cent. interest (the terms proposed in his first letter) is accepted. I will consider, then, that the purchase is made, and will make my arrangements in accordance with this understanding. You can, by attaching the necessary papers, make sight draft on me for the cash payment, or this can be arranged when you come, as you prefer.

JOHN H. GREENSTREET."

The complaint avers that no reply was received to this letter, and no draft was sent; that Greenstreet took possession of the lot and made improvements; that afterward Norris came to Indianapolis; that Greenstreet, tendered him the $500, offered to execute note and mortgage, in short, to fulfill his part of the contract, and demanded a

deed, &c., but Norris refused, &c., and that he, plaintiff, is still ready, and offers, &c.

To this complaint defendant, Norris, answered, the general denial, and, secondly, " that the said plaintiff did not comply with the terms of said alleged contract, and failed to pay or tender said sum of money, and to execute notes for the said deferred payments, and to secure same by mortgage on said real estate, or otherwise, within a reasonable time, or at any time after making said alleged contract, and before said suit was brought; and said real estate advanced, and increased largely in value, above and beyond the price said plaintiff proposed, and agreed to pay therefor, and for that reason, and on account of the matters aforesaid, this defendant did rescind, set aside, and abandon the said alleged contract, as he had full and lawful right to do; and this he is ready to verify, wherefore, he demands judgment," &c.

To this second paragraph of answer, a demurrer, assigning for cause insufficiency of facts to constitute a defense, was overruled, and exceptions taken. The cause was tried upon the general denial, and final judgment rendered for the defendant.

This suit, it should be observed, was commenced on the 17th day of May, 1872, a little over a month after the making of the contract; and the refusal of Norris to make the deed was prior to that, and before any very great change in the value of the property could probably have occurred. Could that fact, if true, have had any legitimate influence in determining the case? See *Lintner* v. *Potts*, 5 *Blackf.*, 396.

The assignment of error in the record is, that " the Court erred in overruling plaintiff's demurrer to the second paragraph of defendant's answer, to which ruling plaintiff at the time excepted."

This paragraph amounts, at least, to the general denial;

and if a special paragraph of answer, amounting to the general denial, is good on general demurrer, which, under the code all demurrers are, then the Court committed no error in overruling the demurrer. At common law the point is unsettled, whether a special plea, amounting to general issue, must be got rid of by demurrer, or motion. *Stephens on Pleading*, 421; *Gould on Pleading*, 4 *Ed., p.* 325, *Sec.* 87; 1 *Chitty on Pleading*, 528. It would seem from this latter author, that the objection might be taken by special demurrer; and if it required a special demurrer at common law, it would have to be taken by motion under the code. In *Estep* v. *Estep*, 23 *Ind.*, 114, the Court said that special demurrers are not contemplated by the code, but motions are the substitute for them. See, also, *Fultz* v. *Wycoff*, 25 *Ind.*, 321. But the practice at common law had been settled in this State as early as 1845. *Jackson* v. *Yandis*, 7 *Blackf.*, 526. In *Crookshank* v. *Kellogg*, 8 *Blackf.*, 256, the general issue was pleaded, and a special plea. Demurrer to the special plea. The Court, by Blackford, Justice: " The plea is substantially a bar to the action, not, however, because it shows the defendant to be justifiable in what he did, but because it shows that he did not commit the trespass alleged against him. It is bad in form as amounting to the general issue; but it is not objected to on that ground, (which the Judge says in the syllabus should have been taken by motion). The demurrer, therefore, should have been overruled."

We cannot say, therefore, that the Court erred in the case at bar in overruling the demurrer.

The judgment is affirmed.

NOTE.—" It is no objection to a plea that the matter of it may be given in evidence under the general issue. The right to plead as many pleas as defendant may deem necessary for his defense, is secured to him by statute. In so pleading, however, it is not his privilege to encumber the record with tautologous allegations, nor with pleas, which, while they pretend to be

special, amount only to a denial of the plaintiff's allegation" * * * A plea amounting to the general issue, is a plea alleging matter which is, in effect, a denial of the whole, or the principal part of the allegations in the declaration." * * * 7 *Blackf.*, 323.

" There is a great difference between the case of a plea which amounts to the general issue, and a plea that discloses matter which .may be given in evidence under the general issue ;" under the latter, various things may be given in evidence, which may also be proved under the general issue, " but it is incorrect language to say that these things amount to the general issue they only defeat the contract ; but what, in correct language, may be said to amount to the general issue is, that from some reason specially stated, the contract does not exist in the form in which. it is alleged, and where that is the case, it is an argumentative denial of the contract, instead of being a direct denial ; and which, according to the correct rule of pleading, is not allowed." *Lord Denman in Hayselden* v. *Staff*, 5 *Adol & Ellis*, 153 ; see 22 *Ind.*, 114 ; 25 *Ind.*, 321 ; *Stephen on Pleading*, 421 ; *Gould on Pleading*, 4 *Ed., p.* 325, *Sec.* 87 *Chitty on Pleading*, 528 ; 7 *Blackf.*, 526 ; 8 do. 256.