The City of Huntington v. Mendenhall.

---

No. 7617.

## The City of Huntington v. Mendenhall.

PLEADING.—Certainty.—Waiver.—A mere want of certainty in a complaint is waived by a general denial. Such complaint, unobjected to, is good after verdict.

TRIAL.—Variance.—Proof.—When a variance between the allegations of the complaint and the proof misleads no one, it will be regarded as immaterial.

SAME.—If the evidence shows a wholly different state of facts from that alleged in the complaint, the variance is fatal, and the action can not · be maintained.

NEW TRIAL.—Evidence.—Practice.—A cause for a new trial on account of the admission of alleged improper testimony will not be considered by the Supreme Court, unless such testimony appears in the record.

SAME.—Records of City Council.—In a suit against a city for injuries sustained by failing to keep in repair a highway or street, it is competent to put in evidence the records of the common council, to show that the street or highway is under the control of said city.

SAME.—Harmless Error.—A harmless error in admitting evidence will not warrant the granting of a new trial.

From the Huntington Circuit Court.

B. F. Ibach, for appellant.

BICKNELL, C.—This was an action by the appellee against the appellant, to recover damages for an injury sustained by failure to keep in repair the Fort Recovery road within the limits of the city of Huntington.

There was an answer in denial of the amended complaint, a trial by jury and a verdict against the appellant; a motion for a new trial was overruled; judgment was rendered on the verdict for thirty dollars and costs; and this appeal was taken.

Errors were assigned by the appellant as follows:

1. The court erred in overruling the demurrer to the complaint;

2. The court erred in overruling the motion for a new trial;

3. The complaint does not state facts sufficient to constitute a cause of action.

The first of these errors is not mentioned in the appellant's brief, and the record does not show that a demurrer to the complaint was overruled. As to the third error assigned, the complaint states, in substance, that the appellant had the possession, care and control of the Fort Recovery State Road within the limits of the city, and was bound to keep it in reasonable repair, but neglected and refused to repair it for six months, by reason whereof the road became dangerous, and the appellee, without any fault on his part was thrown out of his wagon and sustained the injuries complained of.

If these allegations were not sufficiently specific, the proper remedy was a motion to make more specific; a mere want of certainty is waived by the general denial. *Fillson* v. *Scott*, 15 Ind. 187; *Fultz* v. *Wycoff*, 25 Ind. 321. Such a complaint, unobjected to, is good after verdict.

As to the second error assigned, the reasons for a new trial are as follows:

First. The verdict is not sustained by sufficient evidence.

Second. "Error of the court in permitting the appellee to testify in his own behalf as follows. 'The place where I fell off, and from which my injuries followed, was in front of Mrs. Detro's gate, and is not the time I fell off of the load of wood. I fell off of the load of wood some time after

this ; the time I was hurt there was no wood in the wagon ; the wagon was empty ; the falling off of the wood was at another time, and at another place.' And in permitting John Roche, a witness for the appellee, to testify as follows : 'I was on a committee to run the South line, and the line as shown by the commissioners' record is not the line we established ; we did run at a right angle south when we came to the Bluffton road, but we ran along the Bluffton road.' And in allowing said Roche to testify where a resolution of the common council made the city line, and where he said Mrs. Detro's house and land was in the city. And in allowing the appellee to put in evidence the following resolution of the common council and the records of said council.' And in permitting A. W. De Long to testify that Messrs. Buchanan and Bryant said to him that he could not commence at Mrs. Purviance's corner, which was nearer the city than the place of the accident."

3. That the verdict is contrary to law.

As to the first reason for a new trial, the complaint alleges an injury on the Fort Recovery road within the limits of the city of Huntington, and that the appellee was thrown from a wagon loaded with wood, which wagon and wood fell upon him and crushed and bruised him, making him a cripple for life.

. But the injury offered in evidence occurred on the road going south from the city of Huntington, at a place opposite Mrs. Detro's gate ; the appellee testified : "The road on which I got hurt is called the Bluffton road, and about one hundred yards from the north end of the gravel road ; when at Mrs. Detro's gate I was thrown off the wagon."

Another witness testified : "I was president of the Kelso gravel road, known as the Bluffton road."

The Fort Recovery road is not mentioned in the testimony, but this variance between the complaint and the proof

seems to have misled nobody, and may be regarded as immaterial under section 94 of the practice act.

All the evidence shows that the injury sustained opposite Mrs. Detro's gate was not the injury stated in the complaint. The complaint describes the injury as caused by the appellee being thrown from his loaded wagon, which, with the load, fell upon him ; the evidence is, that at Detro's gate the appellee fell from John Weston's empty wagon, and that no wagon or wood fell upon him there. John Weston swears, "when right by Mrs. Detro's gate, * * * when the hind wheel came up, it chucked down into the hole and Mendenhall fell out. * * * He got up and climbed into the wagon himself, and did not appear to be hurt ; he said he did not think he was hurt, but complained of his head and back of his neck ; there was no load on the wagon."

It appeared that, about two weeks after this fall, on the same road, but at a place further south, and further from the city, the appellee, while coming to town with a load of wood in his own wagon, fell from it, and was then badly hurt by the wagon and wood falling upon him.

David Mendenhall, son of the appellee, testified : "In about a couple of weeks after father got hurt the first time, he was coming to town with a load of wood, when the wagon was upset and the wood was thrown over on him ; this time he was badly hurt ; he was badly hurt at the second fall, at a place further south than where he was hurt the first time."

If both these injuries were received within the city limits, the appellant had distinct causes of action for them, and, in a suit upon one, ought not to recover for the other. The complaint states the cause of action as arising on the second injury, but the evidence was confined to the first. The whole effort was to show that the road opposite Mrs. Detro's gate was within the limits of the city. The other injury was further south, but its precise place, in reference to the city limits, was not shown.

The plaintiff having stated his case in the complaint as follows: "The plaintiff was thrown from his wagon, with great force and violence, into the gutter on the side of the road, and the wagon, being then and there loaded with cord-wood, fell upon the said plaintiff, and crushed, bruised and lacerated him," etc., his proofs ought to be confined to that case, and, if he proves a different case, he ought to fail. *McAroy* v. *Wright*, 25 Ind. 22.

We think this case is not within the provisions of sections 94 and 95 of the practice act, but is governed by section 96 of that act, the allegations of the claim being unproved "in their general scope and meaning." See *Boardman* v. *Griffin*, 52 Ind. 101. The verdict was not sustained by sufficient evidence; there was a failure of proof; there was error, therefore, in overruling the motion for a new trial.

So much of the second reason alleged for a new trial as concerns the alleged admission of improper testimony by the appellee, need not be considered, because the testimony thus alleged to have been admitted is not in the record.

As to so much of the second reason alleged for a new trial as concerns the admission of alleged improper testimony by John Roche, we think there was no error in that respect. Where a certain line was actually run, and whether it included Mrs. Detro's house and land, are questions which may be properly answered by any one who knows the facts.

As to so much of the second reason for a new trial as claims error in admitting the resolution and records of the common council, we find no error in that ruling. It was competent to put these matters in evidence as links in the chain of proof tending to show that the place in controversy had been brought within the city limits.

As to so much of the second reason for a new trial as alleges error in permitting A. W. DeLong to testify that Messrs. Buchanan and Bryant told him that the gravel road company could not commence at Mrs. Purviance's corner, we think

that testimony was immaterial and irrelevant; but such an error alone would not warrant the reversal of the judgment. The testimony amounted to nothing, and the error was a harmless one.

The judgment ought to be reversed, and the cause remanded for a new trial.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is hereby, in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.