Filed June 7, 1890.

No. 14,301.

## WEDDELL ET AL. *v.* HAPNER.

124 315
152 125

EASEMENT.—*Surface Water.*—*Rights of Adjacent Owners.*—A land-owner, who by means of ditches and drains concentrates surface water, and by that means carries it where it was not accustomed to flow, and discharges it on a lower land-owner, is liable for the payment of the damage caused thereby.

SAME.—*Damages.*—In such case the plaintiff is entitled only to compensatory damages.

From the Elkhart Circuit Court.

*W. H. Vesey* and *C. W. Miller,* for appellants.

*J. H. Baker* and *F. E. Baker,* for appellee.

COFFEY, J.—This was a proceeding in equity to enjoin the continuance of a nuisance and to recover damages.

The appellee in his complaint alleged, in substance, that he was the owner and in possession of a certain tract of land containing eighty acres, in Elkhart county, Indiana; that the appellants owned certain other lands adjoining the same on the north; that there was a natural elevation extending north and south, which caused all the water accumulating on the appellants' land lying east of said elevation to flow back from the direction of appellee's land; that on September 1st, 1886, the appellants unlawfully and wrongfully constructed a ditch or drain through said elevation, and also constructed lateral ditches and drains so as to empty on appellee's land, by means of said ditches and drains, large quantities of water from the east side of said elevation;

that appellants, by so wrongfully constructing said ditches and drains, have caused a great quantity of water to flow almost continuously from that time to the time of bringing this suit, over and upon the appellee's land, injuring and destroying the crops of corn, wheat and grass, and causing the cellar of appellee's residence to become filled with water to the depth of four feet, injuring the walls and destroying the contents thereof, overflowing his door-yard and barn-yard, and depriving him of the enjoyment of his property to his damage, etc. Prayer for an injunction and for damages.

Upon issue formed, the cause was tried by the court which made a special finding of the facts and stated its conclusions of law thereon.

The special finding of facts, in so far as it affects the right of action, does not differ materially from the complaint. The case made by the complaint and special finding of facts falls clearly within the rule settled by the adjudicated cases of *Templeton* v. *Voshloe,* 72 Ind. 134, *Cairo, etc., R. R. Co.* v. *Stevens,* 73 Ind. 278, *Weis* v. *City of Madison,* 75 Ind. 241, *City of Evansville* v. *Decker,* 84 Ind. 325, *Chambers* v. *Kyle,* 87 Ind. 83, *City of Crawfordsville* v. *Bond,* 96 Ind. 236, and *Rice* v. *City of Evansville,* 108 Ind. 7.

While it is true that the owner of land may improve it either by changing the surface or by the erection of buildings or other structures thereon, so as to cause water accumulating thereon by rains and snows falling on the surface to stand in unusual quantities on other adjacent land, or pass into or over the same in greater quantities or in other directions than they were accustomed to flow, or may elevate or depress his land, thus changing the flow of surface water, as adjudged in the cases of *Taylor* v. *Fickas,* 64 Ind. 167, and *Weis* v. *City of Madison, supra,* it is also true that he can not by means of drains and ditches concentrate surface water and by that means carry it where it never flowed before and discharge it on to a lower land-owner to his damage, without becoming liable for the payment of such damage.

The court did not err in its conclusion of law upon the facts found.

The evidence tends to support the special finding of facts, except as to the amount of damages. The amount of damages proven on the trial of the cause did not exceed $17.74, while the court assessed the damages at $50. The facts in this case do not bring it within the class which authorizes the assessment of punitive or exemplary damages. The appellee was entitled to recover compensatory damages only, which could not exceed the amount proven on the trial. The damages assessed by the circuit court are excessive.

If the appellee will remit $32.27, within thirty days from this date, the judgment will be affirmed, at his costs, otherwise it is reversed, with directions to grant a new trial.

Filed May 15, 1890.