WEIDERODER v. MACE.

[No. 22,926. Filed January 11, 1916.]

1. PLEADING.—*Answer.*—*Striking Out.*—*Review.*—In an action to enjoin defendant from collecting and casting surface water on plaintiff's land, a paragraph of answer which was stricken out on motion, and which averred substantially the same facts as were averred by

a remaining paragraph, the only difference being that the paragraph remaining stated that the water was discharged through a "natural and well defined watercourse," while the one stricken out stated with more particularity the charge that plaintiff was seeking to interfere with a natural outlet for the surface water which accumulated on defendant's land, and alleged that the water was discharged through a "natural and well defined channel," was within the rule that where a special paragraph of answer amounts only to a general denial which is already pleaded, or where several pleas are substantially the same, the court may set all of them aside except one. p. 246.

2. APPEAL.—*Questions Reviewable.*—*Ruling on Demurrer.*—*Briefs.*— No question is presented as to alleged error in the ruling on a demurrer, where the demurrer is not in the record and neither its text nor substance is set out in appellant's brief. p. 247.

3. APPEAL.—*Record.*—*Duty of Appellant.*—Appellant has the burden to see that the record contains a complete and accurate transcript of so much of the proceedings below as is necessary to present properly the errors complained of. p. 248.

4. APPEAL.—*Review.*—*Findings.*—*Decision.*—In a suit to enjoin defendant from collecting and casting surface water onto the lands of plaintiff, where there was evidence to sustain the findings and justify a recovery under the rule that one may not accumulate surface waters on his own land and, by means of an artificial ditch, discharge the same in a volume onto the land of another, the decision for plaintiff could not be disturbed on the ground that it was not sustained by sufficient evidence or was contrary to law. p. 248.

5. TRIAL.—*Objections to Evidence.*—Objections to a question propounded to a witness, made after the witness had answered, came too late. p. 248.

6. WATERS AND WATERCOURSES.—*Surface Waters.*—*Injury to Crops.*—*Damages.*—The injury or damage to crops from collecting and casting surface water onto the lands of plaintiff should be proved by showing the difference in the value of such crops before and after the injury. p. 248.

7. WATERS AND WATERCOURSES.—*Surface Waters.*—*Injury to Crops.*—*Evidence.*—In an action to enjoin the collecting and casting of surface waters onto the land of plaintiff, and for damages done to lands and crops, evidence showing the number of acres of corn growing on plaintiff's land that were destroyed by water cast thereon, the number of bushels to the acre, the price of corn in the field at the time and the quantity of corn which was left after the flood, together with its quality and value in that condition, did not involve the opinion of witnesses as to the amount of damage sustained, and was proper to be considered along with other evidence upon the question of damages. p. 249.

8. PLEADING.—*Special Pleas.*—*Puis Darrein Continuance.*—The office of a plea *puis darrein continuance* is to present, after issues

have been joined, a matter of defence which has arisen since the last stage of the suit, but, since such plea required the determination of a question of fact, it may be filed only in the court of original jurisdiction and not after the cause has reached an appellate tribunal. p. 249.

From Putnam Circuit Court; *James P. Hughes*, Judge.

Action by Philander S. Mace against George Weideroder. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Knight & Miller, Thos. W. Hutchison, Allen, Jones & Allen, B. F. Watson, W. W. Spencer* and *W. H. Ripley*, for appellant.

*Stimson, Stimson & Henella*, for appellee.

SPENCER, J.—Suit by appellee to restrain and enjoin appellant from collecting surface water upon the latter's farm and casting the same onto the land of appellee by means of an artificial tile drain; also to recover damages for injury previously done to appellee's land and to crops grown thereon. Trial, finding and judgment in favor of appellee.

The complaint, in substance, alleges that appellant and appellee are the owners respectively of certain tracts of land described therein; that a public highway runs east and west along the line of the north side of appellee's land and on the south side of appellant's land, thus separating the two farms; that appellant has from year to year during four years just past gathered by means of ditches and tiling surface water from ponds and bayous and cast the same in a body down along the south line of his land in large quantities in certain seasons of the year; that in the year 1908, and at divers times since, appellant wrongfully, unlawfully and without right, entered on appellee's land and cut an open

ditch, and tiled through the highway, for some distance over the line of appellee's land and has continued to keep open and maintain a tile ditch or drain and has by means thereof cast all of said accumulated body of water in large quantities upon appellee's land, thus hindering the proper farming of said land. The complaint further charges that the ditch through the highway thus made by appellant had been filled up by the road supervisor and others but that appellant persistently and frequently reopened the same without the consent of appellee, thereby casting the overflow of water onto appellee's land and leaving the same there to become stagnant and to accumulate until dried up by natural evaporation and absorption, all to appellee's great and irreparable damage and injury. Further allegations charge injury to the crops previously grown on appellee's land.

Appellant filed a general denial and six paragraphs of affirmative answer. The third paragraph proceeded on the theory that the prayer of appellee's complaint should be denied for the reason that his land lies and is situated on a lower level than that of appellant, and that there is a "natural and well defined channel" which leads from appellant's land to said lower level of appellee's land; that said "channel" is the natural and necessary outlet for the surface water on appellant's land, and that appellant has merely collected the surface water occasioned by rain and snow falling on his land, and then drained the same into said "natural and well defined channel" which carried the water to a lower elevation; *that the face of the country in the vicinity of appellant's said land is such as necessarily collects on said land in one body, so large a body of water, after heavy rains and the melting of large bodies of snow, as to require an outlet to*

*some reservoir; that such water is now and has been from time to time immemorial regularly discharged through a "well defined channel" which the force of the water has made for it,* but which has been filled up and obstructed at divers times within the last seven years by appellee and others at his instance and request; that appellant has done no more than to remove said obstructions from the channel and otherwise to facilitate the flow of said water.

A demurrer to this paragraph for want of facts was overruled, whereupon appellee moved to strike it from the files. The motion was sustained and this action of the trial court is questioned by appellant's assignment of errors the contention being that a motion to strike out is not a proper method of testing the sufficiency of a pleading, for the reason that if sustained it deprives the pleader of an opportunity to amend. *Moorhouse* v. *Kunkalman* (1912), 177 Ind. 471, 481, 96 N. E. 600, and cases cited. Appellee does not question the above rule as a general proposition but insists that this case falls within the further rule, equally well settled, that where a special paragraph of answer amounts only to a general denial, which is already pleaded, or where several pleas are substantially the same, the court may, on motion, set aside all of them except one. *Williams* v. *Port* (1860), 14 Ind. 569; *Jackson* v. *Yandes* (1845), 7 Blackf. 526; *Lomax* v. *Bailey* (1845), 7 Blackf. 599. This assertion is based on appellee's contention that the third and fourth paragraphs of appellant's answer were, in legal effect, substantially the same, and that one of them, therefore, was properly rejected on motion. The general phraseology of the two paragraphs is very similar, with the exception that in the fourth paragraph the expression "natural and well defined watercourse" is used instead of

"natural and well defined channel," and with the further exception that the averments which are italicized in our statement of the third paragraph do not appear in the fourth. Appellant insists that the latter averments distinguish the two paragraphs, it being his contention that he "had not only his surface water to burden, but an additional body of water which had by force created a well defined channel to care for itself, over plaintiff and defendant, and plaintiff was seeking to deprive defendant of his rightful relief for such involuntary additional burden." Appellant's position is not tenable. The averments to which special attention is directed served only to state with greater particularity the charge contained in the fourth paragraph of answer that appellee was seeking to interfere with a natural outlet for the surface water which accumulated on appellant's land. This charge, if well founded, was provable under the fourth paragraph of answer and appellant was in no way injured by the sustaining of appellee's motion to strike out. We need not pass on the soundness of the decision in *Taylor* v. *Fickas* (1878), 64 Ind. 167, 176, 31 Am. Rep. 114, for that case does not support the position taken by appellant nor is it in conflict with the conclusion reached in this case. Indeed, such a channel as is described in appellant's third paragraph of answer is there held to be a "watercourse."

Appellant next insists that the trial court erred in sustaining a demurrer to his amended fifth paragraph of answer. Neither the text of this demurrer nor its substance is set out in appellant's brief and it is not to be found in the record. The rule is too well settled to require citation of authority that under such circumstances no issue is properly presented as to the ruling in question. The burden rested on appellant to see

that the record contained a complete and accurate transcript of so much of the proceedings below as should be sufficient properly to present to this court the alleged errors of which he complained.

Appellant's motion for a new trial first contains the usual grounds that the decision of the court is not sustained by sufficient evidence and that it is contrary to law. A jury was called to assist in the trial of the cause, and, in answer to interrogatories propounded to it, found that there was not a natural watercourse leading from the depressions on appellant's farm to the lower level of appellee's lands but that appellant, or persons for him, dug ditches and laid tile from said ponds or bayous, and after congregating the standing and surface water on his land near the land of appellee, opened a ditch or drain across the highway and cast such water onto the latter's property. There is evidence in the record to sustain these findings and to justify a recovery under the rule that one may not accumulate surface waters on his own land and, by means of an artificial ditch, discharge the same in a volume onto the land of another. *Mitchell* v. *Bain* (1895), 142 Ind. 604, 42 N. E. 230; *Weddell* v. *Hapner* (1890), 124 Ind. 315, 24 N. E. 368.

In further support of his motion for a new trial appellant challenges the action of the trial court in permitting appellee, while testifying as a witness, to answer certain questions propounded to him. As to the first of these questions it is sufficient to say that appellant's objection thereto came after the witness had answered and was, therefore, too late. The remaining objections to the admission of evidence, which have not been waived by a failure to discuss them, all relate to the measure of dam-

ages and to the method of proving such damages. It is the contention of appellant that injury or damage to crops should be proved by showing the difference in the value of such crops before and after the injury. This rule is conceded by appellee and sustains the procedure adopted in this case. The evidence to which objection was made had no

7. greater force than to show how many acres of corn growing on appellee's farm were destroyed by the water cast thereon, the number of bushels to the acre, the price of corn in the field at the time and the quantity of corn which was left after the flood, together with its quality and value in that condition. This testimony did not involve the opinion of the witness as to the amount of damage which he had sustained but only stated facts which were proper to be considered by the jury, together with other evidence, in determining the amount of such damage, if any. The motion for a new trial was properly overruled.

Subsequent to the perfecting of this appeal appellant filed in this court a special plea *puis darrein continuance* (since the last continuance) in

8. which he seeks to bring to our attention certain events which, it is claimed, have occurred since the entry of the decree below and are sufficient to exonerate and justify appellant as against the charges contained in appellee's complaint. This plea, which is supported by affidavits, is met by counter affidavits and by a motion to strike it from the files, which motion must be sustained. The office of a plea *puis darrein continuance* is to present, after issues have been joined, a matter of defense which has arisen since the last stage of the suit (17 Ency. Pl. and Pr. 262), but as it requires the determination of a question of fact it may properly be filed only in the court of original jurisdiction and not

after the cause has reached an appellate tribunal. *Voorhees* v. *Indianapolis Car, etc., Co.* (1895), 140 Ind. 220, 228, 39 N. E. 738; *Vivian Collieries Co.* v. *Cahall* (1916), *post* 473, 110 N. E. 672; 17 Ency. Pl. and Pr. 269. Appellee's motion to strike out appellant's special plea is sustained and the judgment of the trial court is affirmed.

NOTE.—Reported in 111 N. E. 5. As to the discharge of surface water by one landowner on the land of another, see 85 Am. St. 726. As to measure of damages for injury to or destruction of growing crops by overflow, see 12 L. R. A. (N. S.) 267; 27 L. R. A. (N. S.) 168; 37 L. R. A. (N. S.) 976; 49 L. R. A. (N. S.) 415; 6 Ann. Cas. 949; 12 Ann. Cas. 782. See, also, under (1) 31 Cyc 634; (2) 3 C. J. 1416; 2 Cyc 1015; (3) 3 Cyc 93; (4) 3 Cyc 369; (5) 38 Cyc 1391; (6) 40 Cyc 653, 655; (7) 40 Cyc 654; (8) 31 Cyc 131, 509.