HOLMES *v.* McCRAY.

STATUTE OF FRAUDS. — *Partnership to Deal in Real Estate.* — A valid agreement of partnership for the purpose of dealing in real estate may be made by parol.

From the Marion Superior Court.

*J. T. Dye* and *A. C. Harris*, for appellant.

*Taylor, Rand & Taylor*, and *Gordon, Browne & Lamb*, for appellee.

BIDDLE, C. J.—Suit to enforce the performance of a partnership agreement, and for specific and general relief. The complaint is as follows:

"William C. Holmes, plaintiff, complains of Aaron McCray, defendant, and says that heretofore, to wit, on the —— day of —— 1871, said defendant, knowing that plaintiff was engaged in dealing in real estate in the vicinity of Indianapolis, west of White River, and was acquainted with the value of the same, and relying upon plaintiff's judgment as to the probable increase in the value of such real estate, and wishing to profit by the experience and judgment of the plaintiff, requested and solicited plaintiff to enter into partnership with said defendant in the business and for the purpose of buying and selling again at such time as might be mutually agreed on, for profit and upon speculation, a certain tract of land in the vicinity of Indianapolis, west of White River, * * * and in accordance with the solicitations of defendant, plaintiff agreed to enter into, and did form and enter into a partnership with said defendant, for the purpose of buying said real estate and selling the same at such time as might be mutually agreed on, upon speculation; and it was then and there mutually agreed, by and between said plaintiff and defendant, that, for and in consideration of the covenants and promises at that time to each other concurrently and reciprocally made, they would and thereby did enter into a partnership, and agreed that, as equal partners, they should purchase and procure to be conveyed to

them the lands above described, to be held as partnership property, and that said William C. Holmes and Aaron McCray should each furnish one-half the money to be paid for said lands; and, at the instance of defendant, it was agreed that plaintiff should advance out of his portion the whole of the first payment, and would bear one-half of all costs, attorney's fees, travelling expenses and other outlays incurred in obtaining a perfect title to said land; that the negotiations for said land should be conducted for and on behalf of said firm by said McCray, who should report to plaintiff all disbursements and expenses incurred by him; that the land should be subdivided or not, as the partners should mutually agree, and sold at such time as should be mutually agreed on, and the profits or losses equally divided between them.

"In pursuance of such agreement, said McCray, on behalf of the firm, procured a proposition in writing from the owner of said land to sell the same for one hundred and forty-seven dollars and fifty cents per acre, which proposition plaintiff and defendant agreed with each other to accept, and did accept, and a conveyance was made by the owner of said land, and the cash payment was made with the money of said firm.

"And plaintiff shows that said McCray, in violation of his agreement and of his duty as partner, refuses to render any account to plaintiff of his dealings as such partner, and has taken possession of the partnership property and refuses to admit plaintiff's rights as such partner to a share in the management of the partnership business, and refuses to render any account of the sums received or disbursed by him on account of such partnership, * * * and though he has frequently admitted the existence of said partnership, yet, in the absence of plaintiff, he gives out that plaintiff has no interest in such partnership property.

"Wherefore plaintiff prays the court to decree and declare that the agreement for a copartnership made between plaintiff and defendant is a binding agreement on both parties

thereto, and that the copartnership between them may be declared and established; that an account may be taken of the partnership dealings and transactions; that a receiver may be appointed to take possession of the effects belonging to said partnership; that the effects and property of said partnership may be sold, and the proceeds, after the payment of the debts of the firm, divided between the partners, or, if it shall seem more equitable, that partition may be made of said property according to the respective interests of the partners therein."

To this complaint defendant made answer in three paragraphs, as follows:

1. A denial of every allegation contained in the complaint.

2. There was a verbal agreement between the plaintiff and defendant to enter into a partnership to purchase and sell the real estate described in the complaint and a thousand acres of land in Jasper and Newton counties, in the State of Indiana; but such partnership was never formed; and no memorandum or agreement in writing, signed by the plaintiff and defendant, or by either of them, binding them to enter into the same, was ever executed; and the defendant purchased the land mentioned in the complaint on his own account, and not for the partnership agreed to be formed, and paid for it with his own money, the plaintiff never paying any part thereof.

3. There was a verbal agreement to form a partnership between the plaintiff and defendant, to buy and sell the real estate described in the complaint; but said partnership never was formed, and no memorandum or agreement in writing was signed by the plaintiff and defendant, or either of them, binding them to enter into such partnership; and the defendant purchased the land in his own right, and paid for it with his own money, for himself, and not for such partnership; the plaintiff paid no part of the purchase-money therefor.

The plaintiff replied by a general denial.

Upon these issues joined a trial by jury was had, and a verdict found in favor of plaintiff. A motion and causes were filed for a new trial. The court granted the motion, and the plaintiff excepted. The plaintiff then withdrew his replies, and the defendant filed his amended answers, as follows:

1. General denial.

The second paragraph was as follows: "This defendant says he purchased said real estate, in the complaint mentioned and described, for himself only, and took and received the conveyance therefor for and to himself, in his own name, and did himself pay and secure the purchase-money therefor without any assistance from or advancement by plaintiff of any part of the same, and did, by virtue of such purchase and under the said conveyance, take possession of said premises, and has ever since and does now hold and occupy the said premises in his own right; and it was not purchased for the partnership, and never belonged to the partnership, and no part of the price was paid with partnership funds, and defendant never agreed in writing to put said real estate into the alleged partnership in the complaint set forth, nor did said defendant ever sign any written agreement binding himself to put said real estate into said alleged partnership; nor did this defendant ever agree in writing, or sign any written agreement to let plaintiff have any interest whatever in said real estate. And the said alleged contract of partnership in the complaint mentioned and set forth as having been made and entered into between said plaintiff and this defendant was never consummated, and nothing was ever done under it. It was not in writing, nor was there ever any note or memorandum thereof in writing, signed by this defendant, or by any person by this defendant lawfully authorized, nor did said plaintiff pay anything into said partnership.

"Par. 3. * * There was a verbal agreement between plaintiff and defendant to form and enter into a partnership to purchase and sell the real estate in the complaint described and a thousand acres of land in Jasper and Newton counties,

in the State of Indiana, and for no other purpose, but no such partnership was ever formed; and there was no memorandum or agreement in writing, signed by the plaintiff and defendant, or either of them, binding them to enter into such partnership; and the defendant purchased the land in the complaint described on his own account, and not for the partnership agreed to be formed, and the defendant paid for the land with his own money, and plaintiff paid no part thereof.

"Par. 4. * * There was a verbal agreement between plaintiff and defendant to form and enter into a partnership to purchase and sell said real estate in the complaint described, but said partnership was never formed, and there was no memorandum or agreement in writing, signed by the plaintiff and defendant, or either of them, binding them to enter into such partnership; and defendant purchased the land in the complaint described on his account, and not for the partnership agreed to be formed; and defendant paid for said land with his own money, and plaintiff never paid any part thereof."

To the second, third and fourth paragraphs, as above, the plaintiff filed separate demurrers, which were overruled, and exceptions taken. The plaintiff then refused to reply, but stood by his demurrers. The court, thereupon, rendered judgment for the defendant, and the plaintiff appealed.

Both parties seem to think that the case must turn upon the question whether the agreement as alleged in the complaint, not being in writing and signed by the party to be bound, comes within the statute of frauds, and have exhaustively discussed the question in that view; and we think this is the main question in the case, as we cannot clearly see, as the case stood, that the court erred in granting the motion for a new trial.

That a valid agreement of partnership for the purpose of dealing in personal property may be made by parol, admits of no doubt, but whether such an agreement for the purpose of dealing in real estate can be made by parol, is not uniformly settled by the authorities. The latest and best author-

ity we have been able to find upon the subject is the case of *Chester* v. *Dickerson,* 54 N. Y. 1, in which EARL, C., in delivering the opinion of the court, says:

"It cannot be questioned that two or more persons may become partners in buying and selling land. There is nothing in the nature or essence of a partnership which requires that it should be confined to ordinary trade and commerce, or to dealings in personal property. * * * It is necessary to inquire whether a partnership, in reference to lands, can be formed and proved by parol. Upon this question there is considerable conflict in the authorities. On the one hand it is claimed that a parol agreement for such a partnership would be within the statute of frauds, which provides that no estate or interest in lands shall be created, assigned or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning or declaring the same; and to this effect is the case of *Smith* v. *Burnham,* 3 Sumner, 435. On the other hand it is claimed that such an agreement is not affected by the statute of frauds, for the reason that the real estate is treated and administered in equity as personal property for all the purposes of the partnership. A court of equity having full jurisdiction of all cases between partners touching the partnership property, it is claimed that it will inquire into, take an account of, and administer upon all the partnership property, whether it be real or personal, and in such cases will not allow one partner to commit a fraud or a breach of trust upon his co-partner by taking advantage of the statute of frauds; and to this effect are the following authorities: *Dale* v. *Hamilton,* 5 Hare, 369; *Essex* v. *Essex,* 20 Beavan, 449; *Bunnel* v. *Taintor,* 4 Conn. 568. A full discussion of the question is found in *Dale* v. *Hamilton;* and the reasoning and review of the cases there are quite satisfactory. The general doctrine is there laid down that 'a partnership agreement between A. and B., that they shall be jointly interested in a speculation for buying, improving for sale and selling lands, may be proved without being evi-

Holmes *v.* McCray.

denced by any writing, signed by or by the authority of the
party to be charged therewith within the statute of frauds;
and such an agreement being proved, A. or B. may estab-
lish his interest in land, the subject of the partnership, with-
out such interest being evidenced by any such writing.' I
am inclined to think this doctrine to be founded upon the
best reason and the most authority.      *      *      *      *
"Suppose two persons, by parol agreement, enter into a part-
nership to speculate in lands, how do they come in conflict with
the statute of frauds? No estate or interest in land has been
granted, assigned or declared. When the agreement is made
no lands are owned by the firm, and neither party attempts
to convey or assign any to the other. The contract is a valid
one, and in pursuance of this agreement they go on and buy,
improve and sell lands. While they are doing this, do
they not act as partners and bear a partnership relation to
each other? Within the meaning of the statute in such case
neither conveys or assigns any land to the other, and hence
there is no conflict with the statute. The statute is not so
broad as to prevent proof by parol of an interest in lands; it
is simply aimed at the creation or conveyance of an estate in
lands without a writing."

As between the partnership and its vendors or vendees in
the sale or purchase of lands, the statute in all cases would
operate; but as between the partners themselves, when they
are neither vendors nor vendees of one another, we cannot
see how the statute can affect their agreements.

We think the reasoning in this case is sound, and well
supported by the authorities cited. If this view be correct,
the court erred in overruling the demurrers to the second,
third and fourth paragraphs of answer.

The judgment is reversed, with costs; cause remanded,
with instructions to sustain the demurrers to the second,
third and fourth paragraphs of answer, and to proceed accord-
ing to this opinion.