No. 13,430.

MARSHALL ET AL. *v.* LEWARK.

CONTRACT.—*Account Accruing Under.*—*Right to Sue Upon.*—A party is not bound to sue for the breach of a written contract, but he may sue upon an account accruing thereunder.

PRACTICE.—*Admission of Evidence.*—*New Trial.*—*Supreme Court.*—Where the admission or rejection of evidence is not made a cause for a new trial, no question in relation thereto is presented on appeal.

INSTRUCTIONS TO JURY.—*Supreme Court.*—*Practice.*—Where the instructions given are not all in the record, a judgment will not be reversed on account of those which are in the record, although inaccuracies appear therein, unless they are so palpably erroneous that no supposable instructions could cure them.

SAME.—*Joint Objection to.*—If two appellants jointly object to instructions given, the judgment will not be reversed if the instructions are only erroneous as to one.

From the Vigo Circuit Court.

*T. N. Rice, J. T. Johnston, S. D. Puett* and *H. E. Hadley,* for appellants.

*D. V. Burns* and *A. Seidensticker,* for appellee.

MITCHELL, J.—Complaint by Lewark, in two paragraphs, against Theodore C. and Emmett F. Marshall. The first paragraph is a common count for money had and received, and for money laid out and expended by plaintiff for the defendants at their special instance and request.

The second paragraph is to recover money alleged to be due the plaintiff upon an account stated.

Upon issues duly formed the cause was tried by a jury, the trial resulting in a verdict and judgment for the plaintiff.

It appeared that the appellants, Theodore C. and Emmett F. Marshall, father and son, entered into a written contract with Lewark, in pursuance of which the former purchased large quantities of wool for the latter, who furnished the money and allowed the defendants a stipulated commission

for their services. There was evidence tending to show that at the end of the wool season an accounting was had, and that a specified sum was found to be due the plaintiff, on account of moneys furnished by him remaining unexpended in the defendants' hands.

It was not necessary that the action should have been for a breach of the written contract in order to recover the money remaining in the defendants' hands. An action for money had and received, or upon an account stated, in case there was an accounting, was in proper form, and it did not result in a variance because it appeared from the evidence that the account accrued under a written contract.

In respect to the alleged error of the court in admitting in evidence the written contract, or the letter purporting to be the acceptance of the appellants' proposition to purchase wool for plaintiff, it is enough to say there is no merit in the objection ; besides, neither the admission nor rejection of evidence of any kind was made a ground for a new trial. The point is, therefore, not properly presented.

Without stating the substance of the instructions objected to, or the nature of the legal propositions they involve, but referring us to the pages of the record where they may be found, the appellants indulge in some criticisms of a general character upon certain instructions given by the court at the plaintiff's request. *LaRose* v. *Logansport Nat'l Bank*, 102 Ind. 332; *Northwestern M. L. Ins. Co.* v. *Hazelett*, 105 Ind. 212.

Regardless of the general and imperfect manner in which objections to the giving and refusal of instructions by the court are presented, we have examined the instructions, and, in the absence from the record of those given by the court of its own motion, we can see nothing in those given, and now made the subject of complaint, when considered with other proper instructions, which we must presume were also given, that would justify a reversal of the judgment. The established rule is, that if all the instructions, taken together,

Marshall *et al. v.* Lewark.

express the law of the case correctly, there is no error. When, therefore, one or more instructions appear in the record, which, if properly explained and adapted to the case by other instructions, would or might be correct, we will presume that the necessary explanations or qualifications were made by the court, and unless the instructions given were so palpably erroneous as that no supposable instructions would have made them correct, a reversal will not follow, even if some inaccuracies appear in the instructions upon which error is predicated. *City of Indianapolis* v. *Murphy*, 91 Ind. 382.

For the same reason, we can not say that there was error in refusing to give instructions asked.

The appellants jointly objected and excepted to the instructions, and they jointly assigned the giving of them as a ground for a new trial.

It would hardly be claimed that they were erroneous as to both. This furnishes another reason why the judgment would not be reversed, even if the instructions were incorrect as to one of the appellants. We find no error.

The judgment is affirmed, with costs.

Filed Feb. 19, 1889.