HETRICK v. ASHBURN ET AL.

[No. 11,767. Filed January 31, 1924. Rehearing denied May 2, 1924. Transfer denied November 22, 1927.]

1. FRAUDS, STATUTE OF.—*Written contracts for sale of land cannot be modified by parol agreement.*—Since the statute of frauds (§7466 Burns 1926) requires contracts for the sale of land to be in writing, they cannot be modified or altered by parol agreement and thereafter, as so modified, enforced. p. 498.

2. FRAUDS, STATUTE OF.—*Agreement to pay another a certain amount out of proceeds of sale of land not within statute.*— While a contract to pay a commission for the sale of real estate must be in writing (§7463 Burns 1926), a promise or agreement to pay another a certain sum of money out of the proceeds of a sale of land is not within the statute. p. 498.

3. CONTRACTS.—*Release of interest in land sufficient consideration for agreement to pay money.*—Where the purchaser of real estate paid a thousand dollars of the purchase price in cash on the execution of the contract, the balance to be paid in specified installments, a subsequent parol agreement between him and the vendor that if the latter sold the land to another, the former would release his interest in the land, and the vendor would repay the $1,000 paid on the purchase price, was supported by a sufficient consideration. p. 499.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Harry H. Hetrick against John N. Ashburn and another. From a judgment for defendants, the plaintiff appeals. *Reversed.* By the second division.

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*E. C. Vaughn* and *John F. Decker,* for appellees.

NICHOLS, J.—The complaint in this action is in two paragraphs. The first paragraph avers, in substance, that on September 21, 1920, appellant and appellee entered into a written contract for the sale of certain real estate, by the terms of which appellee agreed to sell, and appellant agreed to purchase, said real estate for the price of $11,000, $1,000 of which was then paid by appellant to appellee as part purchase price, leaving a balance due of $10,000, to be paid in specified deferred payments. That by said agreement $1,500 was to be paid April 15, 1921. Before said time, and after the execution of said written contract, appellant and appellee entered into a verbal contract by which appellant was given an indefinite period of time in which to make said deferred payments, and appellant was given the

privilege and right to close said contract and make said payments, upon the consideration that if appellee sold the same, he was to pay to appellant the sum of $1,000 out of the proceeds of said sale. That appellee was residing upon said real estate, held the title to the same, and said contract was in full force and effect at the time said verbal agreement as above alleged was entered into, and appellee, by virtue of said verbal agreement, was to continue to occupy said farm and receive the rents and profits therefrom for the year 1921. That long prior to July 1, 1921, appellee sold, conveyed and disposed of said real estate to one Johnson, and appellee is not now and has not been since said sale and conveyance the owner of said real estate. Appellant has performed every part of the contract to be performed by him, but appellee, after selling said real estate and receiving the purchase price therefor, has refused and neglected to pay appellant the said $1,000 agreed upon, or any part thereof, although appellant has demanded the same of him. Appellee Bertha A. Hetrick is made a party because of some claim or interest in said proceeds that she may defend.

The second paragraph, so far as here involved, is substantially the same as the first. A demurrer to each paragraph of complaint was sustained, appellant refused to plead further, and judgment was rendered in favor of appellee. The only error assigned is the action of the court in sustaining the demurrer.

Appellee cites §§7466, 7463 Burns 1914, which sections require contracts for the sale of land and for commission to be in writing, rightly contending that 1, 2. such contracts cannot be modified or altered by parol agreement, and as such enforced. The authorities which appellee cites sustain his contention, but they are not in point under the facts as alleged. The contract for the sale of the land, though set out verba-

tim in the complaint, is not the basis of the action. It is important only historically as explaining the relations of the parties. The action is based on the oral contract to pay $1,000 out of the proceeds of the sale of the lands described in the written contract. A promise or contract by one person to pay another a certain sum of money out of the proceeds of a sale of land is not within the statute. 27 C. J. 226; *Parriss* v. *Jewell* (1909), 57 Texas Civ. App. 199, 122 S. W. 399; *Trowbridge* v. *Wetherbee* (1865), 11 Allen (Mass.) 361; *Brown* v. *Hobbs* (1908), 147 N. C. 73, 60 S. E. 716; *Randall* v. *Constans* (1885), 33 Minn. 329, 23 N. W. 530; *Burns, Rec.,* v. *Vaught* (1911), 27 Okla. 711, 113 Pac. 906; *Gwaltney* v. *Wheeler* (1866), 26 Ind. 415; *Reyman* v. *Mosher* (1880), 71 Ind. 596; *Mills* v. *Thomas* (1924), 194 Ind. 648, 144 N. E. 412.

There was a sufficient consideration for the oral agreement to pay $1,000 to appellant. At the time, he had an enforceable interest in the land, which he

3.  agreed to release in consideration of the extension of time and the agreement to repay him his $1,000 in the event that appellee should sell to a third party. The complaint states a cause of action, and the demurrer thereto should have been overruled.

Judgment reversed, with instructions to overrule the demurrer to the complaint.