CLARK v. WARD

[No. 17,559. Filed January 30, 1947. Rehearing Denied March 31, 1947.]

*Harding & Harding*, of Crawfordsville, for appellant.

*Foley & Foley*, of Crawfordsville, for appellee.

HAMILTON, P. J.—This was an action by appellee against appellant for money had and received. The complaint is in one paragraph and alleges in substance the following facts: That the plaintiff and the defendant were interested in the purchase and resale, or the procuring of an option for the purpose of negotiating a sale, of the grain elevator property owned by one Albert B. Cohee, and located in the town of New Richmond, Montgomery County, Indiana, and the grain supplies and merchandise thereon owned by said Albert B. Cohee and one Bert Furr; that it was agreed by and between plaintiff and defendant that they would share equally in any profit accruing out of the purchase and resale, or the negotiation of a sale under option, of said elevator property and business. That in furtherance of said agreement between said parties, the plaintiff (appellee herein) contacted the officers of the Montgomery County Farm Bureau Cooperative Association and obtained an offer from said organization to purchase said elevator property and business and that the defendant (appellant herein) obtained an option to purchase said elevator property from the owner, Albert B. Cohee, and also obtained a bill of sale for the grain and merchandise from the owners, Cohee and Furr, to said Montgomery County Farm Bureau Cooperative Association, and that through the efforts of the plaintiff and defendant the entire elevator property and merchandise was purchased by said Montgomery County Farm Bureau Cooperative Association. That as a result of said entire transaction a profit of $8,000 was realized by plaintiff and defendant. That all of said moneys by way of profits realized from said transaction were paid

to and received by defendant Clark. That the defendant paid to the plaintiff the sum of $2,000 on his share of said profits. That plaintiff demanded that the defendant account for and pay· to plaintiff the balance of the one-half of the profits due but that defendant failed, neglected, and refused to account for or to pay to plaintiff any further sum than said $2,000 already paid. That by reason thereof, said defendant is indebted to plaintiff in the sum of $2,000 for moneys had and received. That plaintiff is entitled to recover interest from and after June 15, 1945, the date of the demand for an accounting.

Issues were duly joined and the cause was tried to a jury, which returned its general verdict in favor of the plaintiff in the sum of $1,465, and judgment was rendered for plaintiff for said amount. Appellant's motion for a new trial was overruled and he prosecutes this appeal, assigning as error the overruling of his motion for new trial.

Appellant states the question presented for our decision as follows: "The sole question presented is one of law;—i. e., whether the appellee, Ward, as a real estate broker or finder without a written contract as required under Burns' Statute § 33-104, can recover under his complaint, whether it be on a special contract directly, or attempted on the theory of money had and received, . . . . Aside from this issue there is sufficient evidence to justify the jury finding either way."

Appellee contends that the facts pleaded and shown by the evidence are sufficient to show that appellant and appellee orally agreed to associate themselves together to share equally the profits to be derived in the purchase and resale of the real estate involved; that the contract or promise by the appellant to pay appellee a share

of the profits to be derived out of the proceeds of the sale of the grain elevator property may be in parol and need not be in writing, and (1), therefore § 33-104, Burns' 1933, is not applicable in any manner whatsoever to the facts involved; and (2), the appellee had the right to elect to sue either for breach of the oral contract or for moneys had and received.

An examination of the record discloses that there is ample evidence to warrant the jury in finding that appellant and appellee entered into a parol agreement to obtain the elevator property owned by Albert B. Cohee, located at New Richmond, Montgomery County, Indiana, for reselling the same at a profit. Under this agreement, appellant was to obtain from said Cohee, the owner of the real estate, an option to purchase the property and appellee was obligated to find a purchaser therefor, and the profits, if any, derived from the transaction were to be divided equally between appellant and appellee. Each of the parties performed his part of the agreement, and as a result thereof a profit of approximately $8,000 was realized from the transaction. All of the moneys were paid to and received by the appellant, who paid appellee the sum of $2,000 as his part of the profits, and the balance of the one-half of said net profits was still due and owing to appellee. Neither the appellant nor appellee owned any interest in the elevator property at the time the parol agreement was entered into by and between the parties.

Section 33-104, Burns' 1933, upon which appellant relies as an absolute and complete defense, reads as follows:

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one (1) person of a purchaser for the real estate of another, shall be valid unless the same shall be in

writing, *signed by the owner of such real estate or his legally appointed and duly qualified representative:* Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof." (Our italics.)

In determining whether or not this statute is applicable to the facts alleged in the complaint and shown by the evidence as above quoted, it must be remembered that this is not an action by appellee against the owner of the real estate, Albert B. Cohee, to collect any commission for acting as agent in the sale of his property and that he, as such owner, is not in any manner involved in this litigation. Furthermore, we have a case where, at the time the alleged parol agreement was entered into by and between appellant and appellee, neither of said parties owned any interest in the elevator property located at New Richmond, Indiana, which they proposed to acquire and resell at a profit to themselves.

As applicable to such a state of facts, we find that the Supreme Court of Indiana, in the case of *Provident Trust Co.* v. *Darrough* (1907), 168 Ind. 29, 78 N. E. 1030, states the rule as follows: "The manifest purpose of the statute was to protect owners of real estate against doubtful and conflicting claims for services as alleged agents in connection with real estate sales. . . . The operation of the statute will not be extended further than necessary to make its spirit and purpose effective. *The owner of the real estate is not involved in this controversy, and the contract sued upon is not tainted with illegality, unless wholly condemned by the statute quoted.* . . . The written contract in suit being properly executed by appellant is not in conflict with the statute under consideration, but is valid and enforceable." (Our italics.)

In the case of *Hetrick* v. *Ashburn* (1927), 86 Ind. App. 496, 498, 499, 142 N. E. 386, this court says: "Appellee cites §§ 7466, 7463 Burns' 1914, which sections require contracts for the sale of land and for commission to be in writing, rightly contending that such contracts cannot be modified or altered by parol agreement, and as such enforced. The authorities which appellee cites sustain his contention, but they are not in point under the facts alleged. The contract for the sale of the land, though set out verbatim in the complaint, is not the basis of the action. It is important only historically as explaining the relations of the parties. The action is based on the oral contract to pay $1,000 out of the proceeds of the sale of the lands described in the written contract. *A promise or contract by one person to pay another a certain sum of money out of the proceeds of a sale of land is not within the statute.*" (Our italics.)

Again, in the case of *Holmes* v. *McCray* (1875), 51 Ind. 358, the Supreme Court held that a valid agreement of partnership for the purpose of dealing in real estate may be made by parol without coming in conflict with the statute of frauds.

Appellant cites and relies upon the cases of *Zimmerman* v. *Zehendner* (1905), 164 Ind. 466, 73 N. E. 920; *Fullenwider* v. *Goben* (1911), 176 Ind. 312, 95 N. E. 1010; *Beahler* v. *Clark* (1904), 32 Ind. App. 222, 68 N. E. 613; *Phillips* v. *Jones* (1907), 39 Ind. App. 626, 80 N. E. 555, to support his contention that § 33-104, *supra,* is applicable to the facts in the instant case and that appellee is not entitled to recover because his contract and agreement was not in writing.

An examination of each of these cases discloses that the facts involved therein are entirely different from the facts in the instant case. In each of the cited cases

there was an attempt to recover a commission from the owner of the real estate under a parol agreement and the court in each case properly held that § 33-104 prevented a recovery. For the reasons stated, we do not consider either of the cases cited as controlling upon the question we are considering in this appeal.

We agree with appellant that an action for money had and received cannot be used to evade the mandate of a positive statute. However, in the instant case, we are cited to no statute other than § 33-104 which renders the parol agreement and contract entered into by and between appellant and appellee invalid or which would prevent a recovery by appellee in this case, and under the rule stated by the Supreme Court in *Provident Trust Co.* v. *Darrough, supra,* to the effect that said statute applies only to contracts entered into with the owners of real estate, we hold that § 33-104, *supra,* is not applicable to the facts presented by the record in this case.

Since we hold that § 33-104, *supra,* does not apply and that the parol agreement entered into by and between appellant and appellee was a valid agreement which could be enforced, appellee had the right under the Indiana authorities to elect to sue in *assumpsit* for money had and received. *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 550, 94 N. E. 416; *Marshall* v. *Lewark* (1889), 117 Ind. 377, 20 N. E. 253.

For the foregoing reasons the court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 70 N. E. (2d) 755.