The **DELTONA CORPORATION**, a Florida Corporation, Appellant (Defendant Below),

v.

Trudy Jonaitis **WEISS**, Sam Miller and Mae Miller, d/b/a Sam Miller Realty, Appellees (Plaintiff and Co-Defendant Below).

No. 4–182A17.

Court of Appeals of Indiana, Fourth District.

Nov. 9, 1982.

Randall J. Nye, Beckman, Kelly & Smith, Hammond, for appellant.

Morton L. Efron, Hammond, for appellees, Sam Miller and Mae Miller, d/b/a Sam Miller Realty.

William J. Moran, Highland, for appellee, Trudy Jonaitis Weiss.

YOUNG, Presiding Judge.

The Deltona Corporation appeals a judgment entered against it in favor of plaintiff Trudy Weiss for compensation from the sale of real estate.[1] Because we reverse the award, the only issue we discuss is whether real estate commissions may be recovered from the owner of real property in the absence of a written contract.

The trial court entered findings of fact under Ind. Rules of Procedure, Trial Rule 52 as requested by Deltona:

1. That the Plaintiff, during all times relevant to this action, was a real estate salesman duly licensed by the State of Indiana.

2. That the Defendant, Sam Miller, did business as Florida Properties of Northwest Indiana.

3. That the Defendant, Mae Miller, was not a partner or principal in the business known as Florida Properties of Northwest Indiana.

4. That the Defendant, Sam Miller, during the years 1975 and 1976 was a duly authorized agent for the Defendant, Deltona Corporation, for the development and sale of certain properties in the State of Florida and as such agent had the actual, apparent and implied authority to employ the Plaintiff.

5. That on or about March 1, 1975, the Plaintiff was employed by the Defendants, Sam Miller and Deltona Corporation, under a verbal agreement calling for her to receive a sum equal to seven (7%) percent of the price of all property of the Defendant, Deltona, sold to customers originally contacted by the Plaintiff.

6. That through the Plaintiff's efforts, a "hospitality room" and demonstration of Deltona properties were held at the Illinois Osteopathic Convention in Springfield, Illinois commencing on June 15, 1975 and that thereafter, and as a result of the Plaintiff's efforts, the Defendant, Deltona, through its agent, Sam Miller, entered into the following contracts:

(a) Mirza Jesani & spouse –
8/9/75 – Lot 4      $77,498.00

(b) Mirza Jesani & spouse –
8/26/75 – Lot 14      16,475.87

(c) Mirza Jesani & Zulfikar
Esmail – 1/22/76–Lot 12      11,473.35
TOTAL ............... $105,447.22

7. That the Plaintiff should receive a commission equal to seven (7%) percent of the aforesaid sales, or $7,381.30 as of January 22, 1976.

8. That the Defendant, Sam Miller, was in 1975 a licensed real estate broker and a member of the Calumet Board of Realtors.

9. That the Plaintiff submitted a claim to the Calumet Board of Realtors for arbitration and pursuant to that body's Code of Ethics and Arbitration Manual and the Indiana arbitration statutes, an award was entered therein on July 21, 1976, which award finds for the Plaintiff and against the Defendant Miller ordering him to pay her an amount equal to seven (7%) percent of the gross sales price of all real estate sold or transferred in Florida to Drs. Jesani and Esmail, which said award is in the following words and figures, to-wit: (H.I.).

10. That on January 21, 1977, after more than ninety (90) days had expired since the entry of the award, the Plaintiff filed her supplemental complaint seeking enforcement of the award as is provided by IC 34–4–2–12.

11. That the Defendant Miller failed to move to vacate or modify the arbitration award within ninety (90) days of its entry as is required by IC 34–4–2–12, nor thereafter did he allege that the award was secured by either corruption or fraud as is required by said statute.

II.
*Conclusions of Law*

As Conclusions of Law upon the facts found, the Court states:

1. That the law is with the Plaintiff and against the Defendants, Sam Miller and the Deltona Corporation.

2. That the law is with the Defendant, Mae Miller, and against the Plaintiff, Trudy Jonaitis Weiss.

1. Sam Miller, Mae Miller and Sam Miller Realty are not participants in this appeal.

3. That the Defendant, Sam Miller, was the agent and servant of the Defendant, Deltona, and was acting within the scope of his authority as such agent in entering into the contract with the Plaintiff.

4. That the Defendants, Sam Miller and The Deltona Corporation, are indebted to the Plaintiff in the sum of $7,381.30, with interest at the rate of eight (8%) percent per annum from January 22, 1976.

### III

### *Judgment*

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff, Trudy Jonaitis Weiss, have judgment against the Defendants, Sam Miller d/b/a Florida Properties of Northwest Indiana and the Deltona Corporation, in the amount of $7,381.30, with interest at the rate of eitgt [sic] (8%) percent per annum from January 22, 1976, and her costs herein.

DATED this 28 day of July, 1981. Upon motion by Miller, the trial court corrected the findings, conclusions and judgment to reflect the selling prices and commission without inclusion of the finance charges.

Essentially, Deltona is arguing that findings no. 5 and 7 cannot be the basis for a judgment against it as owner of the property. Deltona contends that Ind.Code 32–2–2–1 precludes collection by Weiss of this real estate commission. Weiss counters by arguing that Ind.Code 32–2–2–1 does not apply to these facts because she was an employee of Deltona hired by its agent, Miller. The trial court found that the Plaintiff should receive a *commission* equal to 7% of the sales price based upon a verbal agreement made by her with Miller as a representative of Deltona. We hold the statute precludes recovery of a fee from an owner for the sale of real estate where there is not a written contract.

Ind.Code 32–2–2–1 provides:

No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one (1) person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof.

There is no dispute that Deltona owned the land, that Weiss is seeking the payment of money, and that any agreement was oral. The trial court found that Plaintiff was the finder of a purchaser for the property of Deltona. The trial court also found the fee sought was a commission.

Notwithstanding the arguments based upon employment contract or apparent authority agency relationship, the statute prevents recovery of a commission for the sale of real estate by an owner absent a written agreement. Alternative theories cannot be advanced to avoid the terms of the statute. *Cf. Bryan v. Mayo,* (1919) 188 Ind. 548, 124 N.E. 873 (services rendered as sales manager); *Selvage v. Talbott,* (1911) 175 Ind. 648, 95 N.E. 114 (quantum meruit); *William S. Deckelbaum Co. v. Equitable Life Assurance Society,* (1981) Ind.App., 419 N.E.2d 228 (tortious interference with a business relationship). As a licensed real estate salesperson, Weiss is held to possess the knowledge that her contract for a real estate commission must be in writing. *Deckelbaum, supra.*

A case factually similar is *Belleville Lumber & Supply Co. v. Chamberlin,* (1949) 120 Ind.App. 12, 84 N.E.2d 60. An employee of Belleville supervised construction of and then sold houses in a development owned by his employer. He received a salary and the owner-employer told him that he would pay him a percentage of the sales. The employer later refused to do so. The employee sued Belleville for commissions due on the sales. The court held the statute precluded recovery. The remuneration expected by

the employee was within the statute. By use of the term reward, the legislature intended to bring within the statute all contracts containing an agreement for compensation, remuneration or pay for the services of procuring a purchaser for the real estate of another. *Belleville,* 84 N.E.2d at 63. Weiss is attempting to recover remuneration for procuring a purchaser of the real estate of another without a written contract. The statute precludes her recovery.

Weiss's arguments that she was an employee of Deltona are of no help.[2] She must look to the terms of her employment agreement for compensation. She sought compensation based upon sales. Absent other forms of compensation for other services, she cannot recover. The statute precludes recovery by anyone for finding a buyer of the owner's property without a written agreement. *Belleville.*

We reverse the trial court insofar as it holds Deltona[3] liable to Weiss for the payment of the $5435.50 judgment.

CONOVER and MILLER, JJ., concur.

2. For purposes of this opinion, we assume without deciding that Weiss was an employee of Deltona and Miller, hired by Miller to sell real estate.

3. The statute does not apply to a claim by one finder against another. *Clark v. Ward,* (1947) 117 Ind.App. 307, 70 N.E.2d 755. Weiss may appropriately look to Miller for compensation based upon her agreement with him.