## NELSON v. SHELLEY

[No. 17,215. Filed February 7, 1944. Rehearing denied March 3, 1944.]

Walter G. Todd and Milton E. Craig, both of Indianapolis, for appellant.

Ezra H. Stewart, of Indianapolis, for appellee.

FLANAGAN, J.—In November, 1941, appellee and certain other persons by written contract employed appellant to sell a farm of which they were the owners. The contract provided that appellant should receive as compensation for his services an assignment of the rents and profits from the farm for the year 1941. Appellant found a prospective buyer who offered in writing to pay $7700. The owners countered with an offer in writing to sell for $8000. Thereafter, appellee agreed orally with appellant that if appellant would make up the difference of $300 out of his own funds, so that the sale could be made, she would reimburse him to the extent of $100. She asked that he disburse a full $8000 so that the other owners would not know about her arrangement concerning the $100. A deed was executed by the owners to the buyer who paid $7,700. To this $7700 appellant added $300 and disbursed to each owner his distributive share of $8,000. An assignment to appellant of the rents and profits for 1941 was duly executed. Thereafter appellee refused to reimburse

appellant the $100 and this action for its collection followed.

The above facts were found specially by the court, which stated conclusions of law favorable to appellee. This appeal is from the judgment which followed. Appellant says that the court erred in its conclusions of law.

The only question presented is whether appellee's agreement to reimburse appellant to the extent of $100 is unenforceable because of the provisions of either of the following sections of the statute of frauds:

"No action shall be brought in any of the following cases:

. . .

"Fourth. Upon any contract for the sale of lands.

. . .

"Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting, however, leases not exceeding the term of three (3) years." § 33-101, Burns' 1933, § 8363, Baldwin's 1934.

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one (1) person of a purchaser for the real estate of another, shall be valid unless the same shall be in writing, signed by the owner of such real estate or his legally appointed and duly qualified representative: Provided, That any general reference to such real estate sufficient to identify the same shall be deemed to be a sufficient description thereof." § 33-104, Burns' 1933, § 8364, Baldwin's 1934.

The provision first above quoted applies to contracts for the sale of land. But no contract for the sale of land is here involved. The negotiations here resulted in a sale but not in a contract to sell. The buyer's

offer of $7700 was rejected. The owners' offer to sell for $8000 was not accepted. At this point in the negotiations appellant and appellee arranged between themselves to each make a contribution so that the purchaser could buy at the price he was willing to pay and appellee's co-owners could receive the amount they demanded. In effect appellant agreed to give back to the owners $200 of his compensation and appellee agreed to take $100 less for her interest in the land than she would have received as her distributive share of an $8000 sale.

Appellee did not want her co-owners to know that she was selling her interest for less in order to get the deal closed. She therefore asked appellant to make full distribution on the basis of $8000 and promised she would give him back the extra $100 which he would have to advance.

Appellant's advancement of the $100 and appellee's promise to repay it obviously did not constitute a contract to sell lands. Nor could it be a part of such a contract for there was no contract for the sale of land among the parties.

Nor did appellee's promise to repay appellant constitute an agreement to pay commission for the sale of real estate. The agreement to compensate appellant for selling the farm was in writing and he was fully paid pursuant thereto.

We must conclude that the court erred in its conclusions of law.

Judgment reversed with instructions to restate the conclusions of law to conform with this opinion and to enter judgment for appellant in conformity with the conclusions of law as restated.

NOTE.—Reported in 52 N. E. (2d) 849.