SITZMAN *v.* NATIONAL LIFE AND ACCIDENT INSURANCE COMPANY.

[No. 19,489. Filed May 21, 1962. Rehearing denied June 28, 1962.]

*Lockyear & Lockyear, Theodore Lockyear, Jr.,* and *Thomas Lockyear,* of Evansville, for appellant.

*Warren, Merrell & Combs, Morris S. Merrell, William B. Combs* and *Philip H. Siegel,* all of Evansville, for appellee.

RYAN, C. J. — This action was instituted by the appellant against the appellee for breach of contract under insurance policies which were issued by the appellee to the appellant. Demurrers were sustained to the complaint, and upon appellant's refusal to plead over judgment was entered in favor of the appellee, and the appellant now assigns as error the sustaining of the demurrers.

Appellant filed his complaint in two paragraphs, the first paragraph alleging in substance that the appellee executed its policy of insurance to the appellant under which it promised that in the event the appellant sustained "loss of eyesight" resulting from accidental means the appellant would receive from the appellee the face amount of the policy. It further alleged that while the policy of insurance was in effect, the appellant lost the sight of his left eye as the result of an exploding pop bottle which the

appellant was holding. That the appellant had fully performed all the conditions of the contract and that the appellee had refused to pay appellant the sum due under the policy.

In the second paragraph of complaint the same set of facts were alleged except that this Paragraph Two relies on another and identical policy issued to the appellant by the appellee.

Appellee filed demurrers to Paragraph One and to Paragraph Two on the ground that the complaint does not state facts sufficient to constitute a cause of action, and substantiates such demurrers in its memorandums by stating that the complaint shows on its face that the insurance policy provides benefits for loss of eyesight and such loss consists of "complete and irrecoverable loss of sight of both eyes", and since the complaint alleges the loss of sight in only one eye the complaint is insufficient to state a cause of action.

The policies of insurance contained on their face, among other things, the following printed material:

"Please read your policy and premium receipt book"
"With Additional Benefits for Death by Accidental Means and for Loss of Eyesight or Limbs."

The body of the policy also contained the following:

"Benefits for Loss of Eyesight or Limbs—Upon receipt during the lifetime of the Insured or due proof that, during the continuance of this policy in force otherwise than as the Extended Insurance or the reduced Paid-Up Life Insurance hereinafter provided, the Insured has suffered any of the losses set forth below solely as a result of disease contracted after, or injuries sustained after the Date of Issue, and has survived such loss

·for at least thirty days, total and permanent disability shall be deemed to exist, whereupon the Company, upon surrender of this policy, will provide the benefits set forth below; provided, however, that the Company shall not be liable for any benefit for loss of eyesight or limbs if the loss results from any one of the excluded causes listed below under 'Exclusions from Coverage'.

"A sum equal to double the Amount of Insurance hereunder shall be payable in event of (a) loss by severance of both hands at or above the wrists; (b) loss by severance of both feet at or above the ankles; (c) loss by severance of one hand at or above the wrist and one foot at or above the ankle; or (d) complete and irrecoverable loss of sight of both eyes prior to the Insured's seventieth birthday."

The appellant contends that the appellee by its demurrers has admitted the truth of all material and relevant facts that were pleaded and for the purpose of forming an issue of law the appellee's demurrers raise a legal question as to whether or not the appellant under the terms of these policies is entitled to the benefits for loss of eyesight when appellant has lost the sight of one eye. Appellant further points out that the question in the exact form as presented by this appeal is one of first impression in this state.

The appellant's argument, as we understand it, in substance is that the words "loss of eyesight" which are printed on the front of the policy and again in the body of such policy would be controlling over that part of the policy which is clause (d) and which is set out above, and further that the term "loss of eyesight" should be construed to include the loss of one eye only.

· While the appellant submits an ingenuous argument, we see no reason to wander aimlessly in a

jungle of semantics. The plain and ordinary meaning should be given to words whenever possible. The word "loss" in its common usage is defined as "state or fact of being lost or destroyed; ruin; destruction" (Webster's New International Dictionary), and the same authority defines "eyesight" as "sight; view." It would therefore seem that the plain meaning of such phrase, "loss of eyesight," would mean the destruction of the power of sight, and to fall within such definition the appellant would thus have to suffer the destruction of the sight of both eyes.

The complaint therefore fails to state a cause of action, and thus the judgment is affirmed.

Judgment affirmed.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 448.