HEDWORTH *v.* CHAPMAN ET AL.

[No. 19,577. Filed September 23, 1963.]

*Paul M. Kelly, Kelly & MaHanna, William R. Ma-Hanna* and *J. Frederick Hoffman,* all of Lafayette, for appellant.

*John R. Lynch* and *Robertson & Lynch,* of Lafayette, for appellees.

CARSON, P.J.—This is an appeal growing out of a complaint in ejectment filed by the appellant and cross complaint filed by the appellees seeking reformation of a real estate contract, and for damages including exemplary damages.

The appellant's complaint charged wrongful possession, to which complaint the appellees filed answer under Rule 1-3 of the Supreme Court of Indiana.

The appellees filed a cross complaint charging the appellant with misrepresentation concerning the boundaries of the land and the condition of the premises, seeking reformation of the contract and damages including exemplary damages. Appellant filed answer in three paragraphs under Rule 1-3, *supra*.

The record discloses that the appellees had requested jury trial on the issues formed by the complaint and the answer, and also on the issues formed by paragraph one of the cross complaint and answer.

At the close of all of the evidence the appellees moved the court to instruct the jury to return a verdict for the defendants on the plaintiff's complaint, and tendered their instruction number one. The court sustained said motion and gave said instruction. The jury thereupon returned its verdict and the court rendered consistent judgment in favor of the appellees.

At the time of the directed verdict on the appellant's complaint, the court permitted the appellees to withdraw paragraph one of their cross complaint and entered an order discharging the jury. The cause was submitted to the court on paragraphs two and three of cross complaint and the answer thereto.

The court then made its findings and entered judgment substantially as follows: that the appellant take nothing by reason of his complaint and the appellees recover their costs; that the appellees recover the sum of $384.00 actual damages and $1,500.00 exemplary damages; that the contract and agreement be reformed; that the appellees recover their costs in the sum of $102.75.

Following the appellant's motion for new trial, the court on its own motion opened and entered an amended judgment, substantially similar to the original judg-

ment. The appellant's motion for a new trial addressed to this last decision is the determining factor as to the questions presented to us in this appeal. We will consider the assignment of errors based upon the second motion for new trial and specifications two and three thereof which read as follows:

"2. That the Court erred in overruling Appellant's motion filed on the 11th day of October, 1960, for a new trial.
"3. The Court erred in overruling the Appellant's motion to require Appellees to make an election of remedies."

Various points of error raised by the appellant are based upon the statement that the judgment is not sustained by sufficient evidence. On this point we have repeatedly held that we will not weigh the evidence. *Pokraka et al.* v. *Lummus Company* (1951), 230 Ind. 523, 104 N. E. 2d 669; *Kessler* v. *Kessler* (1963), 135 Ind. App. 85, 192 N. E. 2d 4.

The appellant's assignment that the decision is contrary to law in effect amounts to a claim that he was denied the relief to which he was entitled under the law. This assignment requires us to consider only the evidence most favorable to the appellee, together with all reasonable inferences which may be drawn therefrom. We do not have before us the witnesses but only the written record. After carefully reviewing the evidence, we are of the opinion that we cannot disturb the trial court's findings and judgment. The evidence is conflicting and our review is limited solely to the question of abuse of judicial discretion. *Kessler* v. *Kessler, supra; Heckman* v. *Heckman* (1956), 235 Ind. 472, 134 N. E. 2d 695.

The appellant then separately charges error of the trial court in awarding exemplary damages and as-

signs that the decision is not sustained by the evidence and is contrary to law and that they are excessive. The points are grouped together and supported by one argument. This assignment presents a new question in the State of Indiana. We have examined the law of various states where the question of the right of a court of equity to grant exemplary damages has been discussed.

It is a well recognized principle that a court of equity having once acquired jurisdiction will retain it to dispose of all the questions presented by the pleadings and the evidence. Particularly this is true where the relief granted was affirmatively raised by the pleadings and was an issue before the court both upon the pleadings and the evidence. 30 C. J. S., Equity, §67, p. 414, §104, p. 506, §607, p. 1002. *Stolman* v. *Boston Furniture Co.,* 120 Conn. 235, 180 A. 507.

The weight of authority is that exemplary damages are not generally recoverable in an action for breach of contract. In the case before us we have an action for reformation of a contract wherein the complaint alleges fraud upon the part of the appellant. It is apparent the trial court felt fraud had been established by the evidence when it decreed reformation of the contract and awarded exemplary damages. This case in our opinion is within the rule set out in *Lichter et ux.* v. *Fulcher et al.* (1939), 125 S. W. 2d 501 at page 508, 22 Tenn. App. 670, where the Court of Appeals of Tennessee said:

"Where the case is tried before the Chancellor it is obvious that it is peculiarly within the discretion of the Chancellor as to how much, if any, punitive damages should be allowed. It is a matter of discretion which will not be interfered with by this court. We know of no fixed rule which could guide this or any other court in fixing the amount

of exemplary damages to be awarded. And we know of no reason why we should substitute our judgment for the judgment of the Chancellor in this respect."

The minority rule holding that exemplary damages may be recovered in a court of equity in our opinion more fully carries out the theory of broad powers of the equity court. Other jurisdictions have approved an award of exemplary or punitive damages by the court setting in equity. 48 A. L. R. 2d 955. The only Indiana case which we have found that touches on the point is the case of *Weddell et al.* v. *Hapner* (1890), 124 Ind. 315, 24 N. E. 368. Even in that case our Supreme Court does not close the door as far as further consideration of this question is concerned, but indicated that its decision was limited by the particular facts before it.

It is our opinion that a court of equity may grant exemplary damages in a proper case and in doing so it is merely affording complete relief after it once has acquired jurisdiction.

Judgment affirmed.

Cooper, Clements and Ryan, JJ., concur.