VOELKEL *v.* BERRY.

[No. 20,351. Filed August 11, 1966.]

*John D. Clouse,* of Evansville, for appellant.

*John L. Carroll, Edwin W. Johnson, Johnson and Carroll,* and *Louis W. Ritz,* of counsel, all of Evansville, for appellee.

PRIME, J.—The action below was brought by the appellant, who claimed a breach of contract by the appellee in that appellee had orally agreed to pay to appellant a specific sum of money and a one-eighth interest in a gas and oil lease held by appellee, if the appellant would locate and secure investors for three-fourths of said lease for the sum of $7500.00.

Appellant alleges that the investors were secured and that appellee has failed to perform. Appellant's complaint was in three paragraphs, the first for breach of contract, the second for exemplary or punitive damages, and the third on the theories of quantum meruit and unjust enrichment.

After the filing of numerous motions and amendments the trial court ultimately sustained a motion to strike appellant's 2nd amended second paragraph, and sustained demurrers to appellant's 4th amended first paragraph and 2nd amended third paragraph.

Appellant refused to plead over and assigns as error the sustaining of the above three motions and demurrers, plus the sustaining, prior to demurrer, of appellee's motion to strike rhetorical paragraph six of the 4th amended first paragraph.

In our consideration, we first turn to the latter mentioned error alleged by appellant—the striking of rhetorical paragraph six of the 4th amended first paragraph.

As stated earlier, the first paragraph was for breach of contract, and in rhetorical paragraph six, as set out below, the appellant claims that a change of position was alleged which would invoke an equitable estoppel and thus avoid the statute of frauds.

"6. That concurrently with defendant's offer, as set out in rhetorical paragraph No. 2 above, defendant stated to plaintiff that he wanted plaintiff to work for him on a full time basis, and plaintiff, relying on said offer and the offer referred to in rhetorical paragraph No. 2 hereinabove, changed his position in that he sold a number of oil leases which he owned so he might work for defendant on a full time basis."

It seems established that estoppel, to defeat the statute of frauds, requires doing that which wouldn't have been otherwise done, and further, that there must be allegations of prejudice or injury to the complaining party. *Hurd etc.* v. *Ball et al.* (1958), 128 Ind. App. 278, 295, 143 N. E. 2d 458.

In view of the wording of rhetorical paragraph six, we see nothing which would constitute reversible error as a result of its being stricken as irrelevant.

The next ruling complained of is the striking of the entire 2nd amended second paragraph. Upon examination of the questioned paragraph, we find that with the exception of rhetorical paragraph seven, it is an exact duplicate of the 2nd amended first paragraph. Rhetorical paragraph seven differs from any part of the 2nd amended first paragraph in that it seeks punitive damages for the alleged breach on the theory that the appellant "well knowing himself to have promised plaintiff the consideration mentioned hereinabove, and well knowing that plaintiff performed his part of the agreement mentioned hereinabove, nevertheless arbitrarily, and for no reason known to plaintiff, refused to perform his part of the agreement mentioned hereinabove, and by reason thereof demands exemplary and punitive damages. . . ."

Thus appellant claims that rhetorical paragraph seven causes a distinction between the 2nd and 3rd paragraphs, and therefore the striking of the 2nd paragraph was error.

We find no merit in this contention since appellant is asking that we distinguish between the two paragraphs due to the fact that the second paragraph asks for punitive damages. While it is true that this court recently upheld an award of punitive damages in a contract reformation action, it was stated at that time that the trial court, sitting in equity, had established fraud by the evidence and had awarded exemplary damages in conjunction with the reformation. *Hedworth* v. *Chapman* (1963), 135 Ind. App. 129, 133, 192 N. E. 2d 649. One must bear in mind that in the above mentioned decision we stated that the upholding of the award required an extension of a minority holding. We feel that the rule of that case must be narrowly construed to apply only when the court, sitting in equity, finds fraud and in addition facts which positively require it in the interest of justice.

Therefore, rhetorical paragraph seven, being of no value adds nothing to the entire paragraph, and the striking of the entire 2nd paragraph as a duplicate of the first paragraph is not error.

We next turn to the sustaining of the demurrer addressed to the 4th amended first paragraph. The demurrer was based upon two grounds: (1) the oral contract was within the statute of frauds, and (2) the plaintiff had failed to allege that he was a licensed real estate broker as required by Burns' Indiana Statutes, Annotated, § 63-2408. Appellant has well argued that part performance has taken the cause from the confines of the statute of frauds; however, it is our opinion that he has failed in refuting the second basis for the demurrer. From reading Burns' § 63-2408, it is clear by its express wording that,

"In all actions for the collection of a commission or other compensation for the sale of real estate . . . it shall be al-

leged and proved therein that at the time the cause of action arose the party seeking relief was a duly licensed real estate broker, or real estate salesman of the state of Indiana."

There remains only the question of whether the appellant's situation falls within Burns' § 63-2408. An examination of § 63-2422 makes it obvious that the instant case is so included:

"The term 'real estate' and 'owner of real estate' shall include all oil rights and interests in real estate and including leaseholds, oil leases, oil royalties and all other conveyances of oil or mineral rights. The term 'real estate broker,' within the meaning of this act [§§ 63-2401—63-2423] shall include all persons, partnerships, associations and corporations, foreign and domestic who, for another and for a fee, commission, or other valuable consideration, or who with the intention, in the expectation or upon the promise of receiving or collecting a fee, commission or other valuable consideration, sells, exchanges, purchases, rents or leases, or negotiates the sale, exchange, purchase, rental, or leasing of, or offers or attempts, or agrees to negotiate the sale, exchange, purchase, rental or leasing of or lists or offers or attempts or agrees to list, or appraises, or offers or attempts or agrees to appraise, or auction, or offers or attempts or agrees to auction, any real estate, or business enterprise, or the improvements thereon; or who buys or offers to buy, sells or offers to sell or otherwise deals in options on real estate or the improvements thereon; or who collects or offers or attempts or agrees to collect rental for the use of real estate, or who advertises or holds himself, itself or themselves out as engaged in the business of selling, exchanging, purchasing, renting, or leasing real estate, or assists, or directs in the procuring of prospects or the negotiation or closing of any transaction which does or is calculated to result in the sale, exchange, leasing or renting of any real estate. The term 'real estate broker' shall also include any person, partnership, association or corporation employed by or on behalf of the owner or owners of lots or other parcels of real estate, at a stated salary, upon a commission, upon a salary and commission basis or otherwise to sell such real estate, or any parts thereof, in lots or other parcels, and who shall sell or exchange, or offer, attempt or agree to negotiate the sale or exchange of any such lot or parcel of real estate."

It must be mentioned that appellant also contends that the Indiana Real Estate Licensing Law is unconstitutional. However, we can dispense with this by declaring that the question was apparently not raised below, and the present appeal affords neither the time nor the place for such a question.

Appellant's final objection pertains to the sustaining of a demurrer to the 2nd amended third paragraph. As mentioned above, this paragraph alleged the right of the appellant to collect under theories of quantum meruit or unjust enrichment.

Burns' § 33-104 is clear in stating that there can be no valid action for a commission or reward for finding or procuring a purchaser for the real estate of another without a written contract. Previous decisions have been explicit in applying this rule to actions for recovery under quantum meruit. *Selvage* v. *Talbott* (1911), 175 Ind. 648, 95 N. E. 114; *Fullenwider* v. *Goben* (1911), 176 Ind. 312, 95 N. E. 1010.

In addition we find no allegations of benefit to the appellee which would uphold unjust enrichment.

We see no error which would require a reversal of the decision below.

Affirmed.

Carson, Faulconer, and Wickens, JJ., concur.

NOTE.—Reported in 218 N. E. 2d 924.