Craig C. **CAMPBELL** and Harriet E. Campbell, **Appellants-Plaintiffs,**

v.

**RAILROADMEN'S FEDERAL SAVINGS AND LOAN ASSOCIATION OF INDIANAPOLIS, Appellee-Defendant.**

No. 4–981A121.

Court of Appeals of Indiana, Fourth District.

Dec. 13, 1982.

82

Charles W. Edwards, Spencer, for appellants-plaintiffs.

Michael B. Cracraft, Timothy K. Ryan, Smith, Morgan & Ryan, Indianapolis, for appellee-defendant.

CONOVER, Judge.

Craig and Harriet Campbell (Campbells) appeal the trial court's entry of summary judgment against them on the issue of punitive damages in their breach of contract action against Railroadmen's Federal Savings and Loan Association of Indianapolis (Railroadmen's).

We reverse.

ISSUE

Did the trial court err in granting Railroadmen's motion for summary judgment on the issue of punitive damages?

FACTS

On September 20, 1978, the parties entered into a purchase money mortgage agreement for the Campbells' home. The contract provided for a prepayment interest penalty if the loan was repaid within five years. It also provided the penalty would be waived if the mortgagor was transferred "by his employer out of the mortgagee's normal lending area."

When the agreement was executed Mr. Campbell was told self employment would not be a bar to qualifying for the waiver. In May of 1980, Mr. Campbell transferred his law practice to Owen County. The Campbells' home was sold and arrangements were made to pay off the mortgage.

Mr. Campbell was told that while Owen County was not in Railroadmen's normal lending area, self employment disqualified him from use of the waiver. After challenging this decision, Railroadmen's representatives stated self employment "probably" qualified him for the waiver but the entire state of Indiana was within its normal lending area and therefore the waiver was not available. Finally, Railroadmen's stated the Campbells did not qualify for the waiver because Mr. Campbell was self employed and Owen County was within its normal lending area.

Railroadmen's assessed a prepayment interest penalty of $1,246.02. The Campbells filed suit for breach of contract seeking the $1,246.02 and $30,000 in punitive damages. Railroadmen's filed a motion for summary

judgment. The trial court granted the motion as to punitive damages and attorneys fees. The Campbells appeal.

DISCUSSION AND DECISION

■ When reviewing the entry of summary judgment, this court must determine whether there is any genuine issue of material fact and whether the law was applied correctly. *In re Garden & Turf Supply Corp.,* (1982) Ind.App., 440 N.E.2d 710. Any doubt as to the existence of a genuine issue as to a material fact must be resolved against the proponent of the motion. *Id.* *See also McKenna v. City of Fort Wayne,* (1981) Ind.App., 429 N.E.2d 662.

The Campbells argue the trial court erred in entering summary judgment against them on the issue of punitive damages.[1] We agree.

Ind. Rules of Procedure, Trial Rule 56(C) permits the entry of summary judgment

upon less than all the issues or claims, including without limitation the issue of liability or damages alone although there is a genuine issue as to damages or liability as the case may be. A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

Here, the trial court held there was a "good faith dispute" over the terms of the contract and therefore no punitive damages were recoverable under the rationale set out in *Vernon Fire & Casualty Co. v. Sharp,* (1976) 264 Ind. 599, 349 N.E.2d 173.

In *Vernon,* our supreme court set out the general guidelines for the recovery of punitive damages in contract disputes. It said while punitive damages generally are not recoverable in contract actions, "[t]he general rule is not ironclad." *Id.* at 608, 349 N.E.2d at 180. The court also stated:

The standard for awarding punitive damages is necessarily a flexible one. Indiana case law follows Sedgwick's formulation which appears in *Taber v. Hutson* (1854) 5 Ind. 322, 324:

"[W]henever the elements of fraud, malice, gross negligence or oppression *mingle* in the controversy, the law, instead of adhering to the system or even the language of compensation, adopts a wholly different rule. It permits the jury to give what it·terms punitory, vindictive, or exemplary damages; in other words, it blends together the interest of society and of the aggrieved individual, and gives damages not only to recompense the suffer, [sic] but to punish the offender." (Emphasis added.)

. . . .

For these reasons, we agree that an insurer cannot be subjected to a punitive damage award for seeking *in good faith* to pay only the amount which the law requires to be paid under its contract. *Id.* at 609–10, 349 N.E.2d at 180–81. *See also Tutwiler v. Snodgrass,* (1981) Ind.App., 428 N.E.2d 1291; *First Federal Savings and Loan Association v. Mudgett,* (1979) Ind. App., 397 N.E.2d 1002.

■ The existence of the intent to defraud or the recklessness of oppressive behavior[2] is a question of fact. *Petro v. McCullough,* (1979) Ind.App., 385 N.E.2d 1195; *Physicians Mutual Insurance Co. v. Savage,* (1973) 156 Ind.App. 283, 296 N.E.2d 165. *See also Southern, School Buildings, Inc. v. Loew Electric, Inc.,* (1980) Ind.App., 407 N.E.2d 240. Here there was a genuine issue of fact as to the existence of bad faith due to the conflicting inferences which could be drawn from the established facts. The Campbells argue the constantly changing position of Railroadmen's indicated its bad faith attempt to prevent their rightful claim to a waiver of the prepayment interest penalty. Railroadmen's argues the facts

---

1. The trial court also granted summary judgment on the issue of attorneys fees but that decision is not being appealed.

2. These terms are defined in *First Federal Savings and Loan Association v. Mudgett,* (1979) Ind.App., 397 N.E.2d 1002.

merely infer the existence of a good faith dispute as to the terms of the contract. The inference to be drawn from these facts is itself a question of fact and one which is critical to the propriety of a punitive damage award here.

 When deciding a summary judgment issue the trial court is not to weigh the facts. *McKenna v. City of Fort Wayne,* (1981) Ind.App., 429 N.E.2d 662. It is only to decide whether there are any fact questions remaining. It is not a procedural device to be used to avoid weak claims. *Id.* Since there was a genuine issue as to a material fact here regarding the existence of bad faith, the trial court erred in entering summary judgment.[3]

Reversed and remanded for proceedings consistent with this opinion.

YOUNG, P.J., and MILLER, J., concur.

---

**3.** Railroadmen's argues there was insufficient evidence upon which an award of punitive damages could be based. It cites numerous cases where such damage awards were reversed on appeal. However, here a full trial has not been held on this issue to determine the facts and a jury has not decided there should or should not be an award of punitive damages. We have not reached that stage in the proceedings and we cannot say as a matter of law this evidence is insufficient to constitute an issue for the jury.