John OTTO, d/b/a 3 Rivers Realty,
Appellant–Defendant,

v.

Jeffery PELIS, Appellee–Plaintiff.

No. 02A03–9311–CV–371.

Court of Appeals of Indiana,
Third District.

Sept. 26, 1994.

Roland W. Gariepy, Fort Wayne, for appellant.

HOFFMAN, Judge.

Appellant-defendant John Otto, d/b/a 3 Rivers Realty (collectively referred to as "Otto") appeals from a judgment in favor of appellee-plaintiff Jeffery Pelis and an award of $996.66 for his percentage of a commission upon the sale of land.

The facts most favorable to the judgment reveal that in March of 1991, Pelis began working as an associated real estate broker-salesperson[1] under the umbrella of Otto's license as a principal broker. Otto and Pelis orally agreed that Pelis would receive 60% of any commission payable to Otto based on the sale of the real estate.

On May 21, 1991, Pelis procured a listing of residential property commonly known as 22916 Woodburn Road in Allen County, Indiana ("Woodburn Property"). By August of 1991, Pelis had obtained an agreement to purchase the Woodburn Property. Pelis's relationship with Otto was terminated on September 25, 1991. Notification of Pelis's termination was promptly tendered to the Indiana Real Estate Commission. Thereafter, Otto completed the transaction with regard to the Woodburn Property. Closing on the Woodburn Property occurred on February 2, 1992. No percentage of the $1,661.10 commission received by Otto was paid to Pelis from the sale of Woodburn Property.

On May 18, 1993, Pelis filed a complaint against Otto with the Allen Superior Court, Small Claims Division, for nonpayment of Pelis's portion of the commission on the Woodburn Property. Thereafter, Otto filed a counter-claim alleging that Pelis had been terminated as an independent contractor on September 25, 1991, his license had been returned, and all listings by Pelis were forfeited. Trial was held and judgment was entered against Otto in the sum of $996.66 plus costs. He now appeals.

---

1. It is unclear whether Pelis was a salesperson or a broker-salesperson; this distinction, however, has no bearing on our decision.

Otto presents four issues which we consolidate for review: whether the trial court erred in awarding damages in favor of Pelis upon the oral contract.

Otto contends that upon termination of Pelis's association with Otto all listings obtained by Pelis during the association were required to be turned over to Otto. Thus, Pelis had no interest in the Woodburn Property and could not collect his 60% of the commission pursuant to the oral agreement.

■ Otto's reliance upon 876 I.A.C. § 1–1–19 (1992 Ed.), is misplaced. The portion of section upon which Otto relies provides in part:

"Any licensee, upon termination of his association with a principal broker, shall turn over to said principal broker any and all listings obtained during his association unless otherwise stipulated by a written contract. Said listings shall remain the property of the principal broker whether originally given to the licensee by the principal broker or copied from the records of said broker."

Although section 19 required Pelis to turn over to Otto, as principal broker, all listings obtained during his association, it does not preclude Pelis from recovering under the oral contract 60% of the commission from the sale of the Woodburn Property. Section 19 applies to the property rights in the listings; however, it does not preclude recovery pursuant to the oral contract for Pelis's past performance.

Otto also contends that when the association was terminated, Pelis was no longer licensed to sell real estate and, therefore, could not as a matter of law, participate in the conveyance of the Woodburn Property or in any brokerage capacity. Thus, Otto concludes that Pelis lacked any standing to be a real party in interest pursuant to Ind. Trial Rule 17. Although Otto's contention is correct, his conclusion is faulty.

■ The standing requirement that the plaintiff be actually injured by the challenged actions of the defendant, has been held analogous to Ind. Trial Rule 17(A) which requires that actions be prosecuted in the name of the real party in interest. *Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569, 573, *trans. denied.* To acquire real party in interest status, a person must have a present and substantial interest in the relief being sought; accordingly, the plaintiff must be entitled to the fruits of the action. *Id.* In the present case, Pelis was requesting 60% of the amount of the commission received by Otto for the sale of the Woodburn Property pursuant to the oral agreement between Otto and Pelis. As one of the parties to the contract, Pelis was most certainly a real party in interest.

■ Otto suggests that Pelis's termination prior to the actual sale of the Woodburn Property divested Pelis of any interest in recovering pursuant to the contract. Otto confuses Pelis's claim against him under the oral contract with the situation where an unlicensed real estate agent asserts that he is entitled to a commission from the owner of the property.

See e.g. *McKenna v. Turpin* (1958), 128 Ind.App. 636, 151 N.E.2d 303 (prior to the rescission of real estate brokerage contract by the seller, appellee had lost his broker's license; thus, rendering further performance of the contract on his part unlawful);

*Folsom v. Callen* (1956), 126 Ind.App. 201, 131 N.E.2d 328 (appellant who never possessed a license as a real estate broker not entitled to recover against seller of real estate for agreed commission);

*Voelkel v. Berry* (1966), 139 Ind.App. 267, 218 N.E.2d 924 (under Burns 33–104, now see IND.CODE § 25–34.1–6–2, there can be no valid action for a commission or reward for finding or procuring a purchaser for the real estate of another);

but see *First Fed. Sav. Bank v. Galvin* (1993), Ind.App., 616 N.E.2d 1048, *trans. denied* (relying on IND.CODE § 25–34.1–6–2, the court held that a person acting as a finder without negotiating real estate transaction need not be licensed as a real estate salesperson or broker to collect commission for performing finder's service).

*McKenna, Folsom* and *Voelkel* involve actions by an unlicensed real estate agent to collect a commission from the owner of the property rather than an action on a contract between a principal broker and his associate salesperson/broker, as in the present case.

It is undisputed that Pelis's association with Otto was terminated on September 25, 1991, and Pelis's license was returned to the Indiana Real Estate Commission at this time. However, Pelis was a licensed salesperson at the time he procured the listing and obtained the buyer's agreement to purchase the Woodburn Property in August of 1991. The trial court did not err in concluding Pelis was entitled to recover the agreed upon amount pursuant to the contract between the parties.

Finally, Otto asserts that the oral contract was in violation of the statute of frauds. Specifically, Otto argues that Pelis is seeking recovery for an asserted interest in a conveyance of real estate or in the alternative seeking recovery for the debt of another, i.e., the seller's obligation to pay a broker commission.

IND.CODE § 32–2–1–1 (1988 Ed.) provides in pertinent part: "No action shall be brought in any of the following cases: ... Second. To charge any person, upon any special promise, to answer for the debt, default or miscarriage of another; or, ... Fourth. Upon any contract for the sale of lands[.]" The contract in the present case is neither a promise to pay a debt of another nor a contract for the sale of lands. Pelis has not alleged that the owner of the real estate was responsible for the debt. The only two parties to the contract are Otto and Pelis.

Additionally, Otto's attempt to apply IND.CODE § 32–2–2–1 is also unsuccessful. This section of the statute of frauds provides that no recovery can be had for services rendered in the sale of real estate unless a contract in writing promising to pay for such services has been executed by the owner or his duly authorized personal. *Id.; Zimmerman v. Zehendner* (1905), 164 Ind. 466, 467, 73 N.E. 920, 920–921. However, this section of the statute is applicable only to contracts with the owners of the real estate.

*See Provident Trust Co. v. Darrough* (1906), 168 Ind. 29, 36, 78 N.E. 1030, 1032 (statute providing that contract promising to pay commission for the sale of land had to be in writing and signed by the owner of the land did not render void a contract between brokers for the division of a commission which was not signed by the owner of the land);

*Clark v. Ward* (1947), 117 Ind.App. 307, 311–313, 70 N.E.2d 755, 756–757 (statute inapplicable to plaintiff and defendant which entered into an oral agreement to obtain property for the purpose of resale, by the terms of which defendant was to obtain an option to purchase the property and plaintiff was to find a purchaser therefor);

*see also Hetrick v. Ashburn* (1924), 86 Ind.App. 496, 498, 142 N.E. 386, 387, *trans. denied* (oral agreement by one person to pay another a certain sum of money out of the proceeds from the sale of land not within this section);

*see also Nelson v. Shelley* (1944), 114 Ind. App. 530, 532–533, 52 N.E.2d 849, 849–850 (oral agreement between one of several vendors and a broker whereby such vendor agreed to partially reimburse the broker if he would make up the difference between the offered and asking price for the land was not a "contract for the sale of lands" nor a "contract for the payment of commissions," within the meaning of the statute of frauds).

There being no demonstration of error, the judgment of the trial court is affirmed.

Affirmed.

SHARPNACK, C.J., and STATON, J., concur.